## LUCAS v. STERLING OIL & GAS CO.
### No. 6087.

Circuit Court of Appeals, Sixth Circuit.

Jan. 17, 1933.

T. H. Lewis, Jr., of Washington, D. C. (Thomas J. Sparks and Frank A. Ropke, both of Louisville, Ky., and C. M. Charest, of Washington, D. C., on the brief), for petitioner.

Elwood Hamilton, of Louisville, Ky. (Woodward, Hamilton & Hobson, of Louisville, Ky., and E. C. O'Rear of Frankfort, Ky., on the brief), for respondent.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

Regulations issued by the Treasury Department, article 223 of Regulations 45, gave the taxpayer, under the Revenue Act of 1918, the option of charging certain expenditures in connection with oil and gas wells to capital or treating them as operating expenses. The manner in which the election was to be made was not specified, but, once made, it was to control for all subsequent years. In appellee's original return for 1919, made by an accountant in 1920, expenditures of this character were charged to capital account. The return as thus made disclosed no taxable income. After other facts had been ascertained, appellee filed an amended return, February 10, 1921, which treated the expenditures as operating expenses. This change did not affect the result; there was still no taxable income. On April 11, 1921, it filed its return for 1920, and again treated such expenditures as operating expenses. On a reaudit of its books in 1927, the Commissioner held that it had elected in its original return for 1919 to treat the expenditures as capital investments, and charged them accordingly to capital account. On this basis he determined that for the year 1919 no tax was due, but that for the year 1920 appellee had received a net income not disclosed in its return, and assessed an additional tax. The appellee paid the tax, filed a claim for refund, and, its claim being denied, brought this suit to recover the amount paid. Upon agreement of the parties, the case was tried to the court without a jury. The court made findings of fact upon which it rendered judgment for the appellee.

The material facts found by the court are stated in its opinion. (D. C.) 51 F.(2d) 413. There is no statutory authority for amended returns, but it is well known that the Treasury Department, both in practice and by regulation (articles 36 and 111 of Regulations

45) has been liberal in authorizing and accepting such returns. The appellant does not question the authority of the department to issue a regulation giving the taxpayer the option to treat expenditures of the character of those here involved either as operating expenses or capital expenditures. Nor does the appellee question the right of the department exercising such authority to treat an election made in one year as binding upon the taxpayer for all subsequent years. Without deciding either of these questions, we consider the case upon the assumptions presented in argument. As so presented, the question for decision is whether the original return for 1919 amounted to an election which bound the appellee to the capital account option for 1920.

None of the cases cited in argument deals with the regulation here in question or presents a state of facts which can be said to be controlling. In Rose v. Grant (C. C. A.) 39 F.(2d) 340, a husband and wife had filed a joint return for 1923 on March 15, 1924, and on December 15th following attempted to file separate returns. The Commissioner refused to accept the returns, and the taxpayer sued to recover the taxes paid under the joint return. In Morris v. Commissioner (C. C. A.) 40 F.(2d) 504, the appellant and his wife, after filing a joint return March 15, 1923, for the year 1922, requested leave, on May 17, 1926, to file separate returns for the same year. The Commissioner rightly refused, as the court held, to permit the returns to be filed. In both of these cases a regulation or ruling of the department made the filing of the return an election for the year in which it was made. See McIntosh v. Wilkinson (D. C.) 36 F.(2d) 807, 808. The regulation relied upon here does not purport to make the election binding for one year only, but for all subsequent years, nor does it state what shall constitute the election.

When the appellee filed its original return for 1919, it had not been able to close its books of account, and it was not able to do so until shortly before February 10, 1921. Meanwhile it developed that certain profits attributable to the sale of gas and oil leases during the year 1919 should have been reported for that year. These profits were included in an amended return filed with and accepted by the Commissioner, in which the cost of drilling and developing producing oil wells was deducted as an operating expense. This seems to us to constitute the first instance of a mature and deliberate choice by the appellee, based upon knowledge of all the material facts as disclosed by the closing of its books;

and, in view of the effect of an election upon future returns, we do not think that such election should be held to be effected, unless based upon knowledge of this kind as indicative of a final and deliberate choice. Where a return is filed and the tax assessed and paid pursuant thereto, it may well be that there is a deliberate choice; but, where no tax is assessed and none assessable, no matter how the expenses be treated, and where the initial return is filed upon incomplete knowledge of the material facts, and before the filing of a return for the subsequent year the taxpayer ascertains other pertinent facts and files an amended return disclosing them, it seems to us that the initial return may properly be regarded as tentative in its nature, and as not constituting an election. In such case the taxpayer should be permitted to do what he had the right to do in the first instance.

The judgment is affirmed.