ALBERT K. MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86438.  Promulgated September 6, 1939.

*F. David Mannoccir, II, Esq.*, for the petitioner.
*Harry R. Horrow, Esq.*, for the respondent.

### OPINION.

HARRON: The respondent determined a deficiency in income tax for the year 1933 in the amount of $2,170.46.  The deficiency results from respondent's disallowance of certain minor deductions and of net loss, carried over from 1932, in the amount of $63,226.02.  The petitioner concedes the correctness of the adjustments made, except the disallowance of the net loss deduction.

The facts were stipulated and, in so far as material, are as follows:

(1) The petitioner is a resident of San Francisco, California.  Petitioner filed his income tax return for the year 1933 with the collector at San Francisco.  During the calendar years 1932 and 1933, petitioner was engaged in business as a trader in securities listed on various stock exchanges in the United States.

(2) During the calendar year 1932 the petitioner sustained a net loss, attributable to the operation of his business, in the amount of $63,426.02, which he brought forward and claimed as a deduction from gross income in his income tax return filed for the year 1933 under section 117 of the Revenue Act of 1932.  The respondent, in determining the deficiency, disallowed the amount of $63,226.02 instead of the full amount claimed by the petitioner on his return.

(3) Claim is made by the respondent for the increased deficiency in tax which would result from the disallowance of the full amount of $63,426.02 instead of $63,226.02.

The respondent disallowed the deduction on the ground that, since section 117 of the Revenue Act of 1932 had been specifically repealed by section 218 (a) of the National Industrial Recovery Act, effective as of January 1, 1933, petitioner could not deduct in 1933 net loss brought forward from 1932.

The petitioner contends that section 218 (a) of the Recovery Act is unconstitutional and that, consequently, section 117 of the Revenue Act of 1932 was not repealed, and that therefore the statutory net loss sustained in 1932 is deductible in 1933.

Section 117 of the 1932 Act allowed deduction of a net loss sustained in a preceding year, to be taken in computing the net income for the succeeding taxable year. By section 218 (a) of the Recovery Act,[1] the Congress repealed section 117 of the 1932 Act, effective January 1, 1933. The Congress repealed, outright, the provisions of section 117, and did not delegate any authority or power to any officer of the Government to effect the repeal. The Congress revoked a privilege it had given previously. This was within the legislative power of Congress. The allowance of deductions from gross income for the purpose of determining taxable income is a matter of "legislative grace." *New Colonial Ice Co. v. Helvering*, 292 U. S. 435; *Helvering v. Independent Life Insurance Co.*, 292 U. S. 371.

The Recovery Act was approved June 16, 1933. Repeal of section 117 of the Revenue Act of 1932 was effective January 1, 1933. It thus appears that the period of retroactivity involved in the enactment of the repeal provision was very short. It is well settled that retroactivity in income tax statutes is consistent with the due process of law clause of the Fifth Amendment. *Brushaber v. Union Pacific R. R. Co.*, 240 U. S. 1; *United States v. Hudson*, 299 U. S. 498; *Fesler v. Commissioner*, 38 Fed. (2d) 155; *Phipps v. Bowers*, 49 Fed. (2d) 996; certiorari denied, 284 U. S. 641; *Edgar Stanton et al., Executors*, 34 B. T. A. 451; affd., 98 Fed. (2d) 739; *Chester A. Souther*, 39 B. T. A. 197, 219. The cases of *Nichols v. Coolidge*, 274 U. S. 531; *Untermeyer v. Anderson*, 276 U. S. 440; and *Milliken v. United States*, 283 U. S. 15, cited by the petitioner, are not applicable, no income tax statutes being involved in any of those cases.

The petitioner also contends that since Title I of the Recovery Act was declared invalid by the Supreme Court by its decision in *Schechter Poultry Corporation v. United States*, 295 U. S. 495, all other titles and provisions of the Recovery Act are invalid. As far as we know it has never been contended that Title II of the Recovery Act is unconstitutional. See *Allied Agents, Inc. v. United States*, 26 Fed. Supp. 98, 104.

The general authorization to the President, contained in section 209 of Title II, to make necessary rules and regulations clearly has no application to section 218 (a), which directly repealed section 117 of the 1932 Revenue Act.

Further, there is a separability clause in the Recovery Act, section 303, and the effect of this clause is to create a presumption in favor of separability. *Carter v. Carter Coal Co.*, 298 U. S. 238, 312. Petitioner has failed to show that the provisions of Title II of the Recov-

---

[1] [National Industrial Recovery Act, Title II, Public Works and Construction Projects, Reemployment and Relief Taxes.]

SEC. 218. (a) Effective as of January 1, 1933, sections 117, 23 (1), 169, 187, and 205 of the Revenue Act of 1932 are repealed.

ery Act, particularly section 218 (a), are not separable from the provisions of Title I thereof. "A provision within the legislative power may be allowed to stand if it is separable from the bad." *Lynch* v. *United States*, 292 U. S. 571, 586.

Other sections of Title II of the Recovery Act have been held constitutional. See *A. J. Crowhurst & Sons, Inc.*, 38 B. T. A. 1072, involving section 215 (d) and (f) of the Recovery Act; *W. & K. Holding Corporation*, 38 B. T. A. 830, involving section 216 (a); *Allied Agents, Inc.* v. *United States, supra*, involving sections 215, 216. See also *Cereal Products Refining Corporation*, 39 B. T. A. 92, where it was held that a taxpayer obtained new rights in the matter of filing separate income tax returns by reason of the enactment of new revenue provisions enacted in section 218 (e) of the Recovery Act, and where it is pointed out also that as a matter of reality a new revenue act was enacted by Congress in 1933 by virtue of the enactment of the various revenue provisions, some new and some amendatory, in the Recovery Act. Petitioner's argument would have little merit if the repeal of section 117 of the Revenue Act of 1932 had been made in a separate revenue act, and it has scarcely more merit, if any, as the matter stands because of the separability of the revenue provisions of the Recovery Act from other provisions thereof.

It is our opinion that section 218 (a) of the Recovery Act is valid, not violating any provisions of the Constitution of the United States as far as this record shows. It is held that respondent properly disallowed deduction in 1933 of the statutory net loss sustained in 1932.

Recomputation of the deficiency is necessary. Disallowance of the full amount of the net loss deduction, as taken on the return, will result in increase of the deficiency.

*Decision will be entered under Rule 50.*