CORN BELT HATCHERIES OF ARKANSAS, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 108–68.    Filed July 14, 1969.

*N. Barr Miller*, for the petitioner.
*Raymond L. Hampton*, for the respondent.

#### OPINION

TANNENWALD, *Judge:* Respondent determined a deficiency in petitioner's income tax for the taxable year ending August 31, 1963, in the amount of $26,035. The sole issue for our determination is whether respondent properly computed petitioner's liability on the basis of a consolidated return with its subsidiary, Rocky Mound Farms, Inc., or whether petitioner was entitled to file a separate return.

The case was submitted under Rule 30 of the Rules of Practice of this Court. All of the facts are stipulated and are found accordingly.

Petitioner, an Arkansas corporation, maintained its principal office in Hope, Ark., at the time of filing the petition herein. Petitioner filed a separate Federal corporation income tax return for the period ending August 31, 1963, with the district director of internal revenue, Little Rock, Ark. Petitioner maintains its books and files its Federal income tax returns on the basis of a 52–53-week fiscal year ending on the Saturday nearest August 31. For its 1960 and 1961 fiscal years, peti-

tioner filed separate Federal income tax returns as an unaffiliated corporation.

On September 30, 1961, petitioner acquired 99 percent of the outstanding stock of Rocky Mound Farms, Inc. (hereinafter Rocky Mound), an Arkansas corporation formed on June 14, 1961. Rocky Mound filed a separate Federal income tax return as an unaffiliated corporation for its first taxable period, June 14, 1961, through August 31, 1961, in order to place Rocky Mound on a taxable year coincident with that of petitioner.

Petitioner and Rocky Mound filed a consolidated Federal income tax return as an "affiliated group" for their 1962 fiscal year, which ended September 1, 1962. This return, which was due November 15, 1962, was executed by petitioner on November 12, 1962, and was timely filed.

Petitioner and Rocky Mound filed separate Federal income tax returns for the taxable year ended August 31, 1963. No other corporation became a member of the affiliated group during the 1963 fiscal year, nor did petitioner make application to respondent for permission to file separate returns.

It is conceded that the Revenue Act of 1962, Pub. L. 87–834, 76 Stat. 960, constituted a significant change in the revenue laws and that, therefore, taxpayers who had filed consolidated returns were entitled to a new election as to whether to continue this practice or to file separate returns. Sec. 1.1502–11(a), Income Tax Regs. The only question herein is whether petitioner qualified as such a taxpayer with respect to its taxable year ended August 31, 1963.

No specific provision of the Revenue Act of 1962 deals with the instant situation. Our sole legislative guidance is found in the committee reports, which state:

XXIII. NEW ELECTION TO FILE SEPARATE RETURNS WHERE CONSOLIDATED RETURNS HAD BEEN FILED

The Internal Revenue Code leaves to regulations issued by the Treasury Department requirements as to the filing of consolidated returns by an affiliated group and the requirements for changing from a consolidated return to separate returns. Generally it has been held that a consolidated return once filed must be continued in subsequent years unless there is a significant change in the tax laws. This is a matter which has been considered by your committee in connection with this bill and it believes that a new election to file separate returns where a consolidated return has previously been filed should be available for the first taxable year ending after the date of enactment of this bill. [S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962–3 C.B. 840; H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962–3 C.B. 500.]

The Revenue Act of 1962 became law on October 16, 1962, and the respondent released its initial administrative interpretation of the

effect of the Act with respect to the filing of consolidated returns in T.I.R. 412 on November 9, 1962, which subsequently was published as Rev. Rul. 62–204, 1962–2 C.B. 212. This ruling stated in pertinent part:

> Since the Revenue Act of 1962 constitutes a significant change in the tax laws, the Treasury Department has authorized a new election to file separate returns for either the first taxable year for which returns are due to be filed after the date of enactment of the Act, or the first taxable year ending after the date of such enactment.[1]

Six days following the announcement of this ruling, petitioner was required, in the absence of an extension, to file its 1962 return, which requirement was satisfied by petitioner in the form of a consolidated return with Rocky Mound. Thereafter, on January 3, 1963, T.I.R. 439, subsequently published as Rev. Rul. 63–18, 1963–1 C.B. 171, was issued, as respondent states, "in response to numerous inquiries regarding the application of Revenue Ruling 62–204 and in order to clarify the ruling." It provided as follows:

> As stated in the headnote of Revenue Ruling 62–204, affiliated corporations filing consolidated returns may make a new election to file separate returns for either the first taxable year for which returns are due to be filed after the date of enactment of the Revenue Act of 1962, or for the first taxable year ending after the date of such enactment.
>
> Revenue Ruling 62–204 applies only to affiliated corporations which filed a consolidated return for the first taxable year preceding the earliest taxable year for which a new election is available. It is emphasized that affiliated corporations which filed separate returns for the first taxable year preceding the earliest taxable year for which a new election is available may not elect, under Revenue Ruling 62–204, to file separate returns for the first taxable year ending after the date of enactment of the Revenue Act of 1962, after having elected to file a consolidated return for the first taxable year for which returns are due to be filed after the date of such enactment.

Respondent asserts that the alternative right of election contained in Rev. Rul. 62–204, *supra*, was available only to a taxpayer which had filed a consolidated return for the taxable year immediately preceding the earliest year for which a new election was available to the taxpayer, i.e., the year for which a return was due after the date of enactment or, if the due date for the return for that year had passed (all due dates to include extensions), then the first taxable year ending after the date of enactment. Since petitioner herein filed no consolidated return for a year prior to its fiscal year ending September 1,

---

[1] The official headnote to Rev. Rul. 62–204 was as follows:

"Affiliated corporations filing consolidated returns may make a new election to file separate returns for either the first taxable year for which returns are due to be filed after the date of enactment of the Revenue Act of 1962, or the first taxable year ending after the date of such enactment."

1962, respondent argues that, having filed a consolidated return with Rocky Mound for that year subsequent to the enactment of the Revenue Act of 1962, petitioner is bound thereby and, under section 1.1502–11(a), Income Tax Regs., cannot elect to file a separate return for the ensuing taxable year. We disagree. The alternatives stated in Rev. Rul. 62–204 are not so qualified and we see nothing in the legislative history which imposes any such qualification. The phraseology of "new election" and "where a consolidated return has previously been filed" contained in the Committee reports (see p. 637, *supra*) can just as readily be read to refer to a consolidated return filed prior to "the first taxable year ending after the date of the enactment of this bill" as it can to refer to such a return filed prior to the enactment of the bill.

Thus, by equivocal language, Congress left the question of specifying the availability of the right of election to respondent in keeping with its long-standing legislative policy of vesting broad discretion in respondent to administer the consolidated return provisions. Sec. 1502. Under these circumstances, we think it was incumbent upon respondent to specify with clarity the conditions which he proposed to establish. That he did not do so is revealed by his own actions in publishing a clarification (see p. 638, *supra*) as well as by comments of various tax services at the time Rev. Rul. 63–18 and Rev. Rul. 62–204 were issued. See U.S. Tax Week, 1963 Ann. Dig. 395; *id.* 1962 Ann. Dig. 463; 20 Tax Barometer, pars. 490, 223, and 1717 (1962–63). In dealing with the same problem in connection with the impact of other Revenue Acts, respondent has been considerably more precise, keying the right of election simply to the filing of the first return due after enactment. E.g., T.I.R. 552 (Mar. 13, 1964), published as Rev. Rul. 64–110, 1964–1 C.B. (Part 1) 325 (Revenue Act of 1964) ; Rev. Rul. 58–471, 1958–2 C.B. 429 (Technical Amendments Act of 1958).

Petitioner interprets Rev. Rul. 62–204, *supra*, to permit what its words seem to say, namely, that taxpayers were given a continuing choice of electing to file separate returns, based upon the changes effected by the Revenue Act of 1962, at the times of filing the first return due after the enactment or for the first taxable year ending after the enactment. We consider this interpretation a plausible one and we are not disposed to reject it by importing into the ruling the subsidiary qualification asserted by respondent. Taxpayers are already burdened with an incredibly long and complicated tax law. We see no reason to add to this burden by requiring them anticipatorily to interpret ambiguities in respondent's rulings to conform to his subsequent clarifications, particularly in an area, such as consolidated

returns, where Congress has placed such reliance on respondent's expertise. Compare *Haggar Co.* v. *Helvering*, 308 U.S. 389 (1940); *Commercial Shearing & Stamping Co.*, 36 T.C. 433 (1961).

We hold that petitioner was within its rights in filing a consolidated return with Rocky Mound for the taxable year ending September 1, 1962, and in filing a separate return for its taxable year ending August 31, 1963.

In view of our holding, we need not consider petitioner's assertion that Rev. Rul. 62–204, *supra*, as construed by Rev. Rul. 63–18, *supra*, is invalid because it is discriminatory and therefore arbitrary and unreasonable.

*Decision will be entered for the petitioner.*