ROBBINS DOOR & SASH COMPANY AND SUBSIDIARIES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 441-69. Filed November 17, 1970.

314

*Benjamin Alpert, Myles J. Sachs*, and *Gerald W. Keil*, for the petitioner.

*Leo A. Burgoyne*, for the respondent.

OPINION

QUEALY, *Judge:* The respondent determined deficiencies in the Federal income tax due from the petitioner, as follows:

| Year | Deficiency |
|------|------------|
| 1964 | $168,587 |
| 1965 | $281,425 |

The only question presented for decision is whether petitioner improperly filed separate income tax returns for the taxable years 1964 and 1965 after having filed a consolidated return for the taxable year 1963.

The facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Robbins Door & Sash Co. (hereinafter referred to as petitioner) is a Pennsylvania corporation with its principal office now, and at the time the petition in this case was filed, at Wilkes-Barre, Pa. It is the common parent of the following corporations which are also petitioners in this case:

(a) Robbins Door & Sash Co.-Binghampton Corp., which is a corporation duly organized and existing under the laws of the State of New York.

(b) Robbins Door & Sash Co.-Harrisburg, which is a corporation duly organized and existing under the laws of the State of Pennsylvania.

(c) Robbins Door & Sash Co.-Scranton, which is a corporation duly organized and existing under the laws of the State of Pennsylvania.

(d) Robbins Door & Sash Co.-Allentown, which is a corporation duly organized and existing under the laws of the State of Pennsylvania.

(e) Robbins Door & Sash Co.-Shenandoah, which is a corporation duly organized and existing under the laws of the State of Pennsylvania.

(f) Robbins Door & Sash Co.-Williamsport, which is a corporation duly organized and existing under the laws of the State of Pennsylvania.

(g) Robbins Door & Sash Co. of New Jersey, which is a corporation duly organized and existing under the laws of the State of New Jersey.

(h) Robbins Door & Sash Co., Inc., which is a corporation duly organized and existing under the laws of the State of New York.

(i) Robbins Building Material 'Co., Inc., which is a corporation duly organized and existing under the laws of the State of Pennsylvania. This corporation had no operations for the years in issue and filed no returns.

The principal places of business of the two New York corporations, (a) and (h) above, are in New York. The principal places of business of all the other petitioners are located within the geographic limitations of the Court of Appeals, Third Circuit.

The petitioner and its subsidiaries elected to file a consolidated return for the calendar year 1961 and, pursuant to said election, continued to file consolidated returns for 1962 and 1963. The consolidated return for the calendar year 1963 was timely filed with the district director of internal revenue, Philadelphia, Pa., on June 16, 1964, in accordance with an extension of time granted to petitioner and its subsidiaries.

For the calendar years 1964 and 1965, petitioner and its subsidiaries (except as noted) filed separate returns with the district director of internal revenue, Philadelphia, Pa.

Petitioner and its subsidiaries are engaged in the business of wholesale lumber and millwork distribution. Each of the active petitioners represents a separate entity. Each entity has a separate warehouse and sells to different and distinct customers located in the area of that warehouse.

On March 13, 1964, T.I.R. 552 was issued. This release provided, in material part:

The U.S. Internal Revenue Service announced today that the following Revenue Ruling will appear in Internal Revenue Bulletin No. 1964-15, dated April 13, 1964

Rev. Rul. 64-110

Affiliated corporations filing consolidated returns may make a new election to file separate returns for the first taxable year for which returns are due to be filed after the date of enactment of the Revenue Act of 1964.

Inquiries have been received as to whether enactment of the Revenue Act of 1964, Public Law 88-272, 78 Stat. 19, approved February 26, 1964, will permit affiliated corporations a new election to file separate returns in lieu of consolidated returns.

Since the Revenue Act of 1964 constitutes a significant change in the tax laws, the Treasury Department has authorized a new election to file separate returns for the first taxable year for which returns are due to be filed after the date of enactment of the Act.

Accordingly, a new election to file separate returns is authorized for the first taxable year for which returns are due to be filed after February 26, 1964. In this regard returns due to be filed after February 26, 1964 (including any extensions of time granted by the Commissioner) will be considered as filed

and the election exercised on such due date regardless of the actual previous date of filing. However, the last return (or returns) whether original or revised, filed on or before the due date for the return (including any extensions of time for filing such return), will be considered the return or returns filed on such date.

For the taxable year 1964, the correct income tax liability as shown on the original separate returns, after giving effect to agreed deficiencies, totals $262,086. The correct income tax liability on a consolidated dated return basis is $168,587.

For the taxable year 1965, the correct income tax liability as shown on the original separate returns, after giving effect to agreed deficiencies, totals $262,086. The correct income tax liability on a consolidated return basis is $281,425.

In this case, the petitioner and its subsidiaries duly filed consolidated returns for the calendar years 1961, 1962, and 1963. The return for 1963 was filed pursuant to a general extension of time for filing on June 16, 1964.

For the calendar years 1964 and 1965, petitioner and each of its subsidiaries filed separate returns. The respondent contends that the petitioner and its subsidiaries could not elect to file separate returns for such years.

The parties concede that the enactment of the Revenue Act of 1964 (Pub. L. 88–272), which became law on February 26, 1964, constituted a significant change in the tax laws (as defined in sec. 1.1502–11A, Income Tax Regs.) authorizing a new election to file separate returns. Insofar as applicable, this regulation provides:

If a consolidated return is made under section 1502 for any taxable year, a consolidated return must be made for each subsequent taxable year during which the affiliated group remains in existence unless * * * (2) subsequent to the exercise of the election to make consolidated returns, subtitle A of the Code to the extent applicable to corporations, or the regulations under section 1502 which have been consented to, have been amended and any such amendment is of a character which makes substantially less advantageous to affiliated groups as a class the continued filing of consolidated returns, regardless of the effective date of such amendment, * * *

The only question in dispute relates to the proper year or return in which the petitioner and its subsidiaries were required to elect to file separate returns on account of the changes effected by the Revenue Act of 1964.

The respondent argues that the petitioner was required to have made a timely election to file separate returns at the time of filing its return for the calendar year 1963 even though any amendments to the law in the Revenue Act of 1964 did not affect the tax liability of the petitioner and its subsidiaries, either on a consolidated basis or separately for the year 1963. The respondent relies on Rev. Rul. 64–110, 1964–1 C.B. 325.

The petitioner contends that the regulations—which must be given the effect of law—should be construed so as to permit an election to file separate returns in the return for the taxable year ending after the date of the enactment of the Revenue Act of 1964. The rationale of this view is that the election should be permitted only for the year affected by the legislation and not, as respondent argues, for a prior year in anticipation of the legislation.

In this case, the change of law occurred "subsequent to the exercise of the election to make consolidated returns" by the petitioner and its subsidiaries. In this respect, the facts of this case are distinguishable from the facts in *Corn Belt Hatcheries of Arkansas, Inc.*, 52 T.C. 636 (1969).

Furthermore, that portion of the decision in the *Corn Belt Hatcheries* case in which this Court commented upon the preciseness of respondent's announcement in T.I.R. 552 (published as Rev. Rul. 64–110) that he was keying the right of election to the filing of the first return due after enactment of the Revenue Act of 1964 is not supportive of respondent's argument here. In that case, in the context of discussing the respondent's failure in Rev. Rul. 62–204 to specify with clarity the conditions which he proposed to establish regarding the availability of the right of election, this Court merely complimented the respondent for his preciseness in stating his position in Rev. Rul. 64–110. This compliment was not an endorsement of respondent's substantive position.

A review of the rulings which have been promulgated by the respondent since the conditions upon which taxpayers could elect to discontinue the filing of consolidated returns were established indicates a lack of consistency on the part of respondent. Originally, the respondent appears to have taken the position in published rulings that the election was exercisable only for the taxable year affected by the legislation.[1] In 1962, the respondent permitted the election to be exercised

---

[1] This was in essence the position of respondent from 1941 to the enactment of the Internal Revenue Code of 1954. See I.T. 3515, 1941–2 C.B. 172, in regards to the Revenue Act of 1941 and I.T. 3684, 1944 C.B. 304, in regards to the Revenue Act of 1963. As to the amendments to the consolidated return regulations in T.D. 5441 (approved Feb. 28, 1945, 1945 C.B. 214), which were promulgated to provide for conformity between the Revenue Act of 1943 and the regulations, see I.T. 3769, 1945 C.B. 225. In this instance, respondent provided that a new election to file separate returns for the 1945 fiscal year would be available unless the consolidated return for the 1944 fiscal year was not required to be filed until after Mar. 1, 1945, which was the date T.D. 5441 was filed with the Division of the Federal Register. The respondent had already ruled (see I.T. 3684) that the Revenue Act of 1943 made it less advantageous to continue filing consolidated returns for taxable years commencing after Dec. 31, 1943, and had allowed a new election on returns for the calendar year 1944. As a result of this position, affiliated groups with fiscal years ending in 1944 had 1 full year to decide whether to continue to file consolidated returns, and a new election to file separate returns would be available on a return for the fiscal year 1945. As to the Revenue Act of 1950, see I.T. 4040, 1950–2 C.B. 57. In regards to the Revenue Act of 1951, see I.T. 4091, 1952–2

*either* in the year in which the first return was filed after the enactment of new legislation *or* in the return for the first taxable year ending after the enactment of new legislation.[2] Finally, under an amendment to the consolidated return regulations, effective for taxable years after December 31, 1965, the respondent now prescribes as part of the regulations that the election to discontinue the filing of consolidated returns must ordinarily be made in the return for the taxable year in which a change in the regulations or a change in the law becomes effective.[3]

Respondent argues that his position is supported by the "legislative guidance" found in H. Rept. No. 1337 (dealing with the House proposals for the Internal Revenue Code of 1954). The House proposal included the consolidated return regulations in H.R. 8300 (the Internal Revenue Code of 1954). In the House discussion surrounding this action, the House Ways and Means Committee particularized, in H. Rept. No. 1337, page A298, as to the taxable year in which an affiliated group which had filed consolidated returns was required to exercise a new election to file separate returns stating:

Thus, a change in the law which occurred in January or February of one year would give rise to a right of election with regard to the return to be filed for the previous year on April 15 or such later date as the Secretary or his delegate may (by extension of time) permit. This provision has no relevance to the applicability of the change in the law or with respect to the year to which such change is first effective. The principle reflected here is a reflection of the view of your committee that the election to file returns upon a consolidated basis is a long-term decision. Unless the law is changed, the affiliated group which elects to file a consolidated return in one year is expected to continue to file such a return for all later years. Accordingly, if a change is made, the fact that the change itself, for example, is not applicable to the year for which the next return is to be filed is not significant. For example, if the affiliated group files a return for the calendar year 1953 on September 15, 1954, the provisions of this subtitle, if enacted prior to such date, although only applicable to taxable years

---

C.B. 147. With respect to the extension of the 1950 Excess Profits Tax Act from June 30, 1953, to Dec. 31, 1953, as enacted by Pub. L. No. 125, 83d Cong., 1st Sess. (July 16, 1953), see Rev. Rul. 152, 1953–2 C.B. 184. The extension created difficulties for all taxpayers, and in providing that a new election to file separate returns would be available with respect to the first return due to be filed after July 16, 1953, Rev. Rul. 152 was ameliorative in effect benefiting all affiliated groups.

After the enactment of the Internal Revenue Code of 1954, respondent, in Rev. Rul. 54–365, 1954–2 C.B. 13, allowed a new election to file separate returns for the first taxable year for which returns were due to be filed after the date of enactment of the new Code, and for the first taxable year ending after the date of enactment.

With respect to the Technical Amendments Act of 1958, enacted Sept. 2, 1958, respondent issued Rev. Rul. 58–471, 1958–2 C.B. 429, which authorized a new election to file separate returns for the first taxable year for which returns were due to be filed after Sept. 2, 1958. This revenue ruling provided a definite benefit to affiliated groups with fiscal years ending prior to Sept. 2, 1958, and did not provide difficulties for those groups whose taxable year ended after Sept. 2, 1958. It allowed all groups the same opportunity to review their operations and to decide whether it was beneficial for them to file separate returns and thus, it was ameliorative in effect.

[2] Rev. Rul. 62–204, 1962–2 C.B. 212.
[3] Sec. 1.1502–75 (c) (2) (i) and (ii), Income Tax Regs.

beginning after December 31, 1953, will provide a right to file separate returns for the taxable year 1953 even though consolidated returns were filed for 1952, and even though the changes made in this subtitle have no application to the return to be filed for the taxable year 1953. As a corollary to this, a return to be filed for the taxable year 1954 must be a consolidated return if a consolidated return was filed for the taxable year 1953, * * *

We do not believe that this "legislative guidance" is a basis for our acceptance of the respondent's position. The Senate rejected the House attempt to codify the consolidated return regulations on the grounds that "desirable flexibility would be lost if this pattern were followed." S. Rept. No. 1622, 83d Cong., 2d Sess., p. 460 (1954). When it did so reject the House approach, that portion of H. Rept. No. 1337 (set out above) which would have placed a new interpretation on section 1.1502–11A(a)(2), Income Tax Regs., also became a nullity.

In addition, in Rev. Rul. 54–365, 1954–2 C.B. 13, the first revenue ruling issued under the consolidated return regulations after the enactment of the Internal Revenue Code of 1954, respondent disregarded this "legislative guidance" and provided for a new election to file separate returns for the first taxable year for which returns were due to be filed after the date of enactment of the new Code and for the first taxable year ending after the date of such enactment. On this basis, we cannot accept the "legislative guidance" (set out above) as supportive of respondent's position in Rev. Rul. 64–110, 1964–1 C.B. 325.

Furthermore, while the respondent's varying positions on the question before us are of historical interest, they are not determinative of the issue. For many years, the regulations have provided that affiliated corporations electing to file a consolidated return may elect to file separate returns on account of substantive changes in the laws or regulations "subsequent to the exercise of the election to make consolidated returns." The conditions spelled out in the regulations indicate that such a change in the law or regulations, subsequent to the exercise of the original election, constitutes a qualifying event "regardless of the effective date of such amendment." In our opinion, this can only refer to the effective date of the amendment as applied to the original election and would have no reference to the effective date of the amendment as applied to the subsequent election to discontinue the filing of consolidated returns.

We believe it is clear that the respondent, through the issuance of a revenue ruling, could grant what amounted to a general permission for corporations filing consolidated returns to elect to file separate returns exercisable at such times and in such manner as the respondent might prescribe. Until the change in the regulations applicable to years beginning in 1966, we would characterize prior rulings as being

320

nothing more than the exercise by the respondent of his authority to grant permission for a change.

On the other hand, we must regard the regulations promulgated by the respondent under the special authority granted to him by statute in regards to consolidated returns, including the requirement that those filing such returns must accept those regulations, as endowing the regulations with the same stature as if specifically enacted by the Congress. The respondent is not only bound by the regulations, but in the event he proposes a substantive change in those regulations, the taxpayer is granted a new election.

If we look to the respondent's regulations, we find no basis for limiting the exercise of a new election to the return filed by the taxpayer for the taxable year 1963 when that year was entirely unaffected by any change in the law or regulations resulting from the enactment of the Revenue Act of 1964.

Without questioning the discretionary authority of the respondent to permit the taxpayer to make such an election in anticipation of a change in the law, we find nothing that would justify requiring the taxpayer to anticipate the change. On the contrary, the only logical conclusion is that the regulation, which has the express approval of Congress, should be construed as authorizing a new election in the return for the year in which the change in the law or regulation is applicable. Assuming that all other conditions imposed are met, we are saying that if there is to be exclusivity in the selection of a year for which a new election must be granted, that exclusivity should relate only to the return for the year affected by the change.

*Decision will be entered for the petitioner.*