GOTTESMAN & COMPANY, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 667–79.    Filed November 23, 1981.

*Franklin L. Green*, for the petitioner.
*Ralph A. Eppensteiner*, for the respondent.

### OPINION

NIMS, *Judge*: Respondent determined deficiencies in petitioner's income tax for the following years:

| Year | Deficiency |
| --- | --- |
| 1972 | $27,950.09 |
| 1973 | 481,701.88 |
| 1974 | 511,298.25 |
| 1975 | 675,195.81 |

Due to concessions, the year 1972 is no longer in dispute.

The issues presented are: (1) Whether during the years in dispute the regulations promulgated by the Secretary under section 1502[1] for affiliated groups of corporations filing consolidated returns required a consolidated calculation (as respondent contends) or a separate calculation (as petitioner con-

---

[1]All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise specifically indicated.

tends) of accumulated taxable income for purposes of computing the accumulated earnings tax under section 531; and (2) whether, even if a consolidated calculation is required, these regulations adequately provide a method for determining accumulated taxable income on a consolidated basis.

Petitioner has moved for summary judgment under Rule 121, Tax Court Rules of Practice and Procedure,[2] contending that a ruling favorable to petitioner on either of these issues of law will substantially dispose of this case. Respondent, in his memorandum of law in opposition to petitioner's motion for summary judgment, states that "Although respondent does not admit all of the facts set forth in the affidavit * * * accompanying petitioner's motion for summary judgment, respondent does agree that this legal issue may be resolved without the need for further factual inquiry by the Court." On the basis of this concession, no further evidence will be received regarding the above-mentioned issues herein presented.

In a footnote to respondent's aforementioned memorandum, he further states:

Petitioner recognizes that, as a result of slight adjustments to its taxable income, there resulted increases in petitioner's separately computed accumulated taxable income in the amount of $86,488.44 for 1974 and $16,602.64 for 1975. Petitioner recognizes, apparently, that even if the Court resolves this issue in its favor, there is still a possible tax liability under section 531 for the years 1974 and 1975. Respondent cannot say at this time that computation of the liability on a separate basis would produce a de minimis tax, as petitioner maintains.

In the motion for summary judgment, the relief sought by petitioner is an order granting summary judgment that petitioner was not required as a matter of law to compute its accumulated taxable income on a "combined" basis, and such other relief as the Court may find just and proper. This leaves remaining for trial the issue of whether petitioner had any accumulated taxable income on a nonconsolidated basis. Furthermore, in paragraph 7 of its petition, the petitioner raises an issue unrelated to the accumulated earnings tax issue raised in the motion for summary judgment. Respon-

[2]Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.

dent's answer denies part of the allegations of paragraph 7 of the petition.

It is thus apparent that our decision on petitioner's motion will not dispose of all of the issues in the case. Accordingly, petitioner's motion will be dealt with as a motion for partial summary judgment, and the case will be restored to the general docket for further adjudication of the issues remaining in the case which are not herein decided. Rule 121(b) and (c).

———

Petitioner is the common parent of an affiliated group of corporations. Its principal office at the time the petition was filed in this case was located in New York City. The affiliated group duly filed consolidated returns for the taxable years 1973, 1974, and 1975.

Under section 1502, Congress granted authority to the Secretary to prescribe regulations for the filing of consolidated returns by affiliated groups of corporations. The filing of a consolidated return is a "privilege," but "The making of a consolidated return shall be upon the condition that all corporations which at any time during the taxable year have been members of the affiliated group consent to all the consolidated return regulations prescribed under section 1502 prior to the last day prescribed by law for the filing of such return." Sec. 1501.

Petitioner contends that to avoid the accumulated earnings tax of section 531 it made distributions to its shareholders prior to the end of each of the taxable years in issue in amounts sufficient to eliminate completely any accumulated taxable income. Petitioner alleges it was advised by counsel that pursuant to the consolidated return regulations (secs. 1.1502–0 et seq., Income Tax Regs.), for purposes of the accumulated earnings tax, its accumulated taxable income was to be determined by reference to its separate taxable income and other relevant items and not on a consolidated basis with the other members of its affiliated group.

Respondent maintains this interpretation by petitioner's counsel was erroneous. Respondent argues that the plain meaning of the language of the regulations is that accumulated taxable income must be computed on a consolidated basis

for purposes of the calculation of the accumulated earnings tax.

Petitioner disputes respondent's interpretation. Further, petitioner argues, if the respondent's interpretation is upheld, then the consolidated return regulations dealing with the accumulated earnings tax violate the notice requirement of the Administrative Procedure Act, 5 U.S.C. sec. 553 (1976). In addition, petitioner argues that since the accumulated earnings tax is a penalty tax (*Ivan Allen Co. v. United States*, 422 U.S. 617, 627 (1975)), any ambiguity in the regulations should be strictly construed against the respondent, and petitioner's attempt to comply with the regulations should relieve it of any liability under section 531.

The first issue for our determination is: How, for the years 1973, 1974, and 1975, did the consolidated return regulations require accumulated taxable income to be computed for purposes of the accumulated earnings tax? To answer this question, we must examine the administrative history of various regulations and proposed regulations under the consolidated return provisions of the Code.

Prior to 1966, affiliated corporations making consolidated returns were required to compute their accumulated taxable income on a consolidated basis for purposes of applying section 531. This consolidated calculation was clearly mandated by the regulations then in effect. At that time, section 1.531–1, adopted by T.D. 6377, 1959–1 C.B. 125 (May 12, 1959), provided, in part:

Sec. 1.531–1 IMPOSITION OF TAX.—Section 531 imposes * * * a graduated tax on the accumulated taxable income of every corporation described in section 532 and sec. 1.532–1. In the case of an affiliated group which makes, or is required to make, a consolidated return, see paragraph (a) of sec. 1.1502–30. * * *

Paragraph (a) of section 1.1502–30, Income Tax Regs., adopted by T.D. 6140, 1955–2 C.B. 317 (Aug. 29, 1955) (redesignated sec. 1.1502–30A(a) by T.D. 6894, 1966–2 C.B. 362) provided a general list of the various taxes imposed on consolidated filers and how the taxes were to be added to come to a single figure for group tax liability. As to the accumulated earnings tax, the paragraph provided as follows:

Sec. 1.1502–30 COMPUTATION OF TAX.—(a) *General rule.*—In the case of an affiliated group which makes, or is required to make, a consolidated return

for any taxable year, the tax liability of each corporation * * * shall be computed * * * in the case of the taxes imposed by section 531 * * * upon the consolidated accumulated taxable income * * * determined * * * in accordance with the regulations under section 1502. * * *

A detailed definition of "consolidated accumulated taxable income" was given in section 1.1502–31, Income Tax Regs., also adopted by T.D. 6140, *supra.* That definition is reproduced below.[3]

On October 1, 1965, the Internal Revenue Service proposed new consolidated return regulations to replace the 1955 regulations promulgated under section 1502 by T.D. 6140, *supra.* 30 Fed. Reg. 12564 (Oct. 1, 1965). In the new proposed regulations, section 1.1502–2, entitled "Computation of tax liability," assumed essentially the function of section 1.1502–30 of the 1955 regulations, namely stating in one place the various taxes that were to be added together to determine the total tax liability of the affiliated corporations.

---

[3]Sec. 1.1502–31(a)(18), Income Tax Regs. (1955), stated:

(18) *Consolidated accumulated taxable income.*—The consolidated accumulated taxable income shall be the consolidated taxable income computed without regard to any capital loss carry-over, without regard to any charitable contribution deduction under section 170, without regard to any net operating loss deduction, and without regard to any deduction under part VIII (except section 248) of subchapter B of chapter 1, minus the sum of—

(i) The combined Federal income and excess profits taxes (other than the excess profits tax imposed by subchapter E of chapter 2 of the Internal Revenue Code of 1939, for taxable years beginning after December 31, 1940) and income, war-profits and excess-profits taxes of foreign countries and possessions of the United States (to the extent not allowable as a deduction under section 164(b)(6)), accrued during the taxable year by the several affiliated corporations, but not including the accumulated earnings tax imposed by section 531, the personal holding company tax imposed by section 541, or the taxes imposed by corresponding sections of a prior income tax law.

(ii) The consolidated charitable contribution deduction computed without regard to the limitation in section 170(b)(2) except that there shall not be included in the consolidated charitable contribution carry-over any amount which has previously been used in the determination of consolidated accumulated taxable income or separate accumulated taxable income.

(iii) The excess of the sum of the capital losses of the several affiliated corporations (computed without regard to any capital loss carry-over) over the sum of the capital gains of such corporations,

(iv) The excess of the consolidated net long-term capital gain over the consolidated net short-term capital loss (computed without regard to any capital loss carry-over) minus the taxes imposed by subtitle A attributable to such excess.

(v) In the case of an affiliated group including one or more holding company affiliates of a bank, as defined in section 2 of the Banking Act of 1933, the consolidated section 601 deduction, relating to earnings or profits devoted to the acquisition of readily marketable assets, other than bank stock.

(vi) The consolidated accumulated earnings credit, and

(vii) The consolidated section 561 dividends paid deduction.

Section 1.1502–2 of the proposed 1965 regulations stated in part:

Sec. 1.1502–2. Computation of tax liability.—The tax liability of a group for a consolidated return year shall be determined by adding together—

(a) The tax imposed by section 11 on the consolidated taxable income for such year (see sec. 1.1502–11 for the computation of consolidated taxable income);

(b) The tax imposed by section 541 on the consolidated undistributed personal holding company income (see sec. 1.1502–42 for the computation of consolidated undistributed personal holding company income);

(c) If paragraph (b) of this section does not apply, the aggregate of the taxes imposed by section 541 on the separate undistributed personal holding company income of the members of the group which are personal holding companies (see sec. 1.1502–45 for the computation of separate undistributed personal holding company income);

(d) *If paragraph (b) of this section does not apply, the tax imposed by section 531 on the consolidated accumulated taxable income (see sec. 1.1502–51 for the computation of consolidated accumulated taxable income)*; * * *

[30 Fed. Reg. 12565 (Oct. 1, 1965). Emphasis supplied.]

Section 1.1502–51, Income Tax Regs., was "reserved" and was not included in the 1965 proposals. 30 Fed. Reg. 12564 (Oct. 1, 1965). A technical information release issued the same day as the proposed regulations indicated that further regulations dealing with "special taxes and taxpayers" were to be proposed "in the near future." T.I.R. 769 (Oct. 1, 1965). It is clear that the Internal Revenue Service intended the reference to "special taxes and taxpayers" to include the accumulated earnings tax; in the 1965 proposals, an index reference to "1.1502–37 to 1.1502–74 [Reserved]," was listed under the heading "Special Taxes and Taxpayers." 30 Fed. Reg. 12564 (Oct. 1, 1965). However, when the proposed regulations were adopted in final form in 1966, no regulation defining "consolidated accumulated taxable income" was included. Rather, Proposed Regs. section 1.1502–2(d) was adopted as reproduced above, but with the parenthetical reference to the reserved section 1.1502–51 removed. T.D. 6894, 1966–2 C.B. 362, 367.

The consolidated return regulations promulgated under section 1502 in 1966 (hereinafter new regulations) by T.D. 6894, *supra*, 1966–2 C.B. at 362, were envisioned as a complete replacement of the existing regulations (hereinafter old regulations) promulgated by T.D. 6140, 1955–2 C.B. 317, in 1955. The old regulations were each renumbered by inserting a capital "A" after their old numbers and made applicable to tax

years beginning before January 1, 1966. Sec. 1.1502–0(b), Income Tax Regs. The new regulations were to be applied to taxable years beginning after December 31, 1965. Sec. 1.1502–0(a), Income Tax Regs. The new regulations are the regulations applicable to the taxable years involved in this case.

During 1966 and 1967, the new regulations contained no provision defining "consolidated accumulated taxable income" as used in section 1.1502–2(d) of the new regulations. In 1968, however, the Commissioner proposed regulations that would provide such a definition. Secs. 1.531–1, 1.533–1(a)(3), 1.1502–2(d), 1.1502–33, and 1.1502–43 to 1.1502–47, inclusive, Proposed Income Tax Regs., 33 Fed. Reg. 9830 (July 9, 1968). These complex provisions gave a highly detailed method for applying the accumulated earnings tax to affiliated corporations making consolidated returns. As a general rule, these proposed regulations required a consolidated calculation of accumulated taxable income—one similar, but not identical, to the consolidated calculation under the old regulations. However, in the case of affiliated corporations which did not elect to adjust their earnings and profits under section 1.1502–33(c)(4)(iii), Income Tax Regs. (an adjustment that became mandatory in 1976), proposed regulations section 1.1502–47 provided that "the tax imposed by section 531 shall apply to the separate accumulated taxable income of each member."

The regulations proposed in 1968 were withdrawn without explanation in 1971. 36 Fed. Reg. 16661 (Aug. 25, 1971). This action again left the new regulations devoid of any definition of "consolidated accumulated taxable income" as used in section 1.1502–2(d) of the new regulations.

In 1979, the Commissioner again attempted to propose a definition of "consolidated accumulated taxable income." Sec. 1.1502–43(b)(1), Proposed Income Tax Regs., 44 Fed. Reg. 28001 (May 14, 1979). The 1979 proposed regulations (which had not been adopted as of the date this matter was presented to the Court for decision) provide for a complex calculation of consolidated accumulated taxable income substantially along the lines of the 1968 proposed calculation. This time, though, a consolidated calculation would be uniformly required of all corporations.

As stated, the years before this Court are the taxable years 1973, 1974, and 1975. Petitioner argues that in those years it

was reasonable for it to conclude that a separate computation of accumulated taxable income was required of consolidated filers.

Section 1.1502–80, Income Tax Regs., provides the general rule that to the extent the consolidated return regulations do not mandate different treatment, corporations filing consolidated returns are to be treated as separate entities when applying other provisions of the Code. Thus, if the new regulations do not mandate a different (i.e., consolidated) treatment, section 1.1502–80, Income Tax Regs., requires that section 531 apply to petitioner only on its separate accumulated taxable income.

The threshold question is thus whether section 1.1502–2(d) of the new regulations, standing alone, is sufficient authority for a requirement by the Commissioner in this case of consolidated computations of accumulated taxable income. We again state for emphasis that the accumulated earnings tax is a penalty tax, and as such is to be strictly construed. If the law is vague or ambiguous in this area, we may not impose the tax. *Ivan Allen Co. v. United States, supra* at 627.

Respondent contends that at all times section 1.1502–2(d), Income Tax Regs., has contained the phrase "consolidated accumulated taxable income," and that a reasonable person would have concluded that the plain meaning of these terms mandated a consolidated, not separate, calculation in the years at issue. Even if this inference furnished an adequate substitute for definitive regulations, a postulation we reject, such an approach nevertheless leaves unsupplied a method of calculating the consolidated figure so that a corporate taxpayer could comply with the mandate of the accumulated earnings tax that excess accumulated income be distributed. Respondent maintains that a reasonable method of making the calculation could be found at section 1.1502–31A(a)(18) of the old regulations (quoted above at note 3).

A major problem with respondent's argument is that section 1.1502–31A(a)(18), Income Tax Regs., is only by its terms applicable to taxable years beginning before January 1, 1966. Sec. 1.1502–0(b), Income Tax Regs. Were we to adopt respondent's view, we would effectively be inserting a cross-reference in section 1.1502–2(d), Income Tax Regs., to section 1.1502–

31A(a)(18), Income Tax Regs., a step which the respondent, himself, has not seen fit to do.

If respondent had wanted to provide that section 1.1502–31A(a)(18) of the old regulations was to govern under section 1.1502–2(d) of the new regulations, he had ample opportunity to amend section 1.1502–2(d) of the new regulations to so provide. We believe his action in 1966 in deleting a cross-reference to reserved section 1.1502–51 and not at the same time inserting a cross-reference to section 1.1502–31A(a)(18) can only be explained by a desire on his part to keep his options open as to how accumulated taxable income was eventually to be measured under the new regulations.

In 1968, perhaps concerned with some unspecified abuse if the accumulated earnings tax were applied to affiliated corporations on a consolidated basis when they did not elect to adjust their earnings and profits, respondent proposed that affiliated corporations not electing such an adjustment be subject to separate calculations of accumulated taxable income for purposes of section 531. Sec. 1.1502–47, Proposed Income Tax Regs., 33 Fed. Reg. 9833 (July 9, 1968). Petitioner here was a member of just such an affiliated group which did not elect to adjust its earnings and profits. Though the 1968 proposed regulations were withdrawn in 1971, before the years involved in this case, we can readily understand petitioner's confusion as to respondent's true position as to whether affiliated corporations in petitioner's position should calculate their accumulated taxable income in a consolidated or separate fashion. Lacking guidance in the regulations as to how a consolidated calculation was to be made in the first place, we do not think petitioner's action unreasonable in concluding that a separate calculation was mandated, or at least permitted, by the consolidated return regulations.

We cannot fault petitioner for not knowing what the law was in this area when the Commissioner, charged by Congress to announce the law (sec. 1502), never decided what it was himself. Petitioner had no reason to assume that the definition provided in the old regulations applied under the new regulations. In fact, for reasons already stated, petitioner had every reason to assume the opposite.

Thus, we find that the Commissioner's regulations regarding the manner in which the accumulated earnings tax was to

be imposed on corporations making consolidated returns were ambiguous during the years at issue. This ambiguity was of the Commissioner's making, and, as such, must be held against him. *Ivan Allen Co. v. United States, supra.* Petitioner's interpretation of these regulations was reasonable under the circumstances. We think that under these circumstances the failure of petitioner to comply with respondent's post hoc view of the regulations is an insufficient ground on which to impose the accumulated earnings tax, and we hold for petitioner on the issues herein presented.[4]

A final word. Respondent vigorously asserts in his memorandum of law that the regulations promulgated in accordance with the statutory mandate of section 1502 are legislative in character and must therefore be given special weight by the courts. He cites in support the familiar landmarks, *Bingler v. Johnson*, 394 U.S. 741 (1969), and *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496 (1948). We would respond by pointing out that 15 years have now elapsed, during which time the statutory mandate remains unfulfilled. By no stretch of the imagination should our decision here be construed as calling into question the validity of the existing regulations. We are merely declining to fill in the gaps.

*An appropriate order will be entered.*

---

[4] See also *Corn Belt Hatcheries of Arkansas, Inc. v. Commissioner*, 52 T.C. 636 (1969).

