**TRANSAMERICA CORPORATION for itself and for all members of the Affiliated Group**

v.

**The UNITED STATES.**

Nos. 90–79T, 91–79T.

United States Claims Court.

July 5, 1984.

Cameron W. Wolfe, Jr., San Francisco, Cal., attorney of record, for plaintiffs. W. Reece Bader, George G. Wolf and Orrick, Herrington & Sutcliffe, San Francisco, Cal., of counsel.

Gilbert W. Rubloff, Washington, D.C., with whom was Asst. Atty. Gen., Glenn L. Archer, Jr., Washington, D.C., for defendant. Theodore D. Peyser, Washington, D.C., of counsel.

## OPINION

PHILIP R. MILLER, Judge:

Former Section 51 of the Internal Revenue Code of 1954 (I.R.C.), which was enacted in 1968 and repealed in 1976,[1] imposed an additional tax on the income of every taxpayer equal to a percentage of the taxpayer's adjusted tax, which it entitled a "Tax Surcharge."

Incident to the imposition of the tax surcharge, Sec. 51 also provided:

(f) Special Rule.—For purposes of this title, to the extent the tax imposed by this section is attributable (under regulations prescribed by the Secretary or his delegate) to a tax imposed by another section of this chapter, such tax shall be deemed to be imposed by such other section.

Plaintiff now contends that because the Treasury did not prescribe regulations pur-

---

**1.** Originally enacted by the Revenue and Expenditure Control Act of 1968, Pub.L. No. 90–364, Title I, § 102(a), 82 Stat. 252, and *repealed* *by* Pub.L. No. 94–455, Title XIX, § 1901(a)(7), October 4, 1976, 90 Stat. 1765.

suant to Sec. 51(f) until after 1969 plaintiff was not subject to the tax surcharge for 1968 and 1969.

Plaintiff's contention is wholly without merit. The tax surcharge was imposed "on the income of every individual" (Sec. 51(a)(1)(A)) and "on the income of every corporation, and * * * every estate and trust" (Sec. 51(a)(1)(B)). Nothing in the statute indicates it was not to be effective but was to remain in limbo until the Secretary issued regulations. To the contrary, the tax surcharge was made retroactive. Public Law No. 90–364 § 102, 82 Stat. 252, which added Sec. 51 to the Code, was enacted June 28, 1968, but it provided that for taxpayers other than corporations it was to apply to taxable years ending after March 31, 1968, and for corporations to taxable years ending after December 31, 1967.

There is not the slightest evidence to indicate that Congress delegated to the Secretary the authority either to invoke or to waive the tax surcharge by action or inaction. The proposition is so novel that, had Congress intended any such delegation of legislative authority, it would be reasonable to expect it would have said so.

The reason for the enactment of Sec. 51(f) was explained by the House Conference Committee (114 Cong.Rec. 17,994 (1968)) as follows:

> Another rule provides that to the extent the tax imposed by the surcharge is attributable to a tax imposed by another section of the code, the tax is deemed to be imposed by the other section. This rule applies, for example, in the case of the treatment of certain distributions to shareholders of life insurance companies, and the required adjustments for taxes in computing accumulated taxable income, undistributed personal holding company income, and undistributed foreign personal holding company income. The rule also affects how the surcharge applies to an unincorporated business enterprise which has elected to be taxed as a domestic corporation.

The Conference Committee made no reference to the parenthetical phrase about regulations, because the primary purpose of Sec. 51(f) was not to provide for the triggering of the operation of the statute by a regulation but only to prescribe when and for what purposes the surcharge should be deemed a part of the original tax to which it attached rather than an independent tax.[2]

Plaintiff also contends that because the consolidated return regulations, Treas.Reg. § 1.1500 et seq., did not include a reference to the Sec. 51 tax surcharge until 1971, the surcharge was not applicable to corporations filing consolidated returns with affiliates for 1968 and 1969. The particular section of the regulations upon which plaintiff relies is:

> § 1.1502–2 (Added by TD 6894, approved Sept. 2, 1966, 1966–2 C.B. 362.) Computation of tax liability.—

---

**2.** What Congress probably had in mind may be gleaned from the actual Sec. 51 regulations prescribed by the Secretary. (Treas.Reg. § 1.51–1, added by T.D. 7100, approved March 12, 1971, 1971–1 C.B. 8.) Generally, the regulations served two purposes. First, they placed the surcharge within the context of other provisions of the Internal Revenue Code. For example, Reg. § 1.51(a) stated that the Sec. 51 surcharge was a federal income tax and therefore the prohibition in Sec. 275(a)(1) on deducting amounts paid for federal income taxes applied to the surcharge. The regulation also explained that the surcharge was deductible as are other federal income taxes in determining whether a taxpayer is subject to either the accumulated earnings tax under Sec. 535 or the personal holding company tax under Sec. 545.

Second, the surcharge regulations provided instructions and gave examples for situations where Sec. 51 itself provided rules for taking the surcharge into account as part of a calculation required by another provision of the Code. For example, there were instructions for computing the surcharge for calendar years (Reg. § 1.51–1(b)), and for fiscal and short taxable years (Reg. § 1.151–1(d)). Regulations § 1.51–1(e) also provided instructions for computing the deduction from income allowed Western Hemisphere Trade Corporations (I.R.C. § 922(2)) and the recipients of dividends on preferred stock of certain public utilities (I.R.C. § 244(a)(2)).

The tax liability of a group for a consolidated return year shall be determined by adding together—

(a) The tax imposed by section 11 on the consolidated taxable income for such year * * * ;

(b) The tax imposed by section 541 on the consolidated undistributed personal holding company income;

(c) If paragraph (b) of this section does not apply, the aggregate of taxes imposed by section 541 on the separate undistributed personal holding company income of the members which are personal holding companies;

(d) If paragraph (b) of this section does not apply, the tax imposed by section 531 on the consolidated accumulated taxable income;

(e) The tax imposed by section 594(a) in lieu of the taxes imposed by section 11 or 1201 on the taxable income of a life insurance department of the common parent of a group which is a mutual savings bank;

(f) The tax imposed by section 802(a) on consolidated life insurance company taxable income;

(g) The tax imposed by section 831(a) on the consolidated insurance company taxable income of the members which are subject to such tax;

(h) The tax imposed by section 1201, in lieu of the taxes computed under paragraphs (a) and (g) of this section, computed by reference to the excess of the consolidated net long-term capital gain over the consolidated net short-term capital loss * * * ;

(i) [Reserved]

(j) The tax imposed by section 1333 on war loss recoveries; and by allowing as a credit against such taxes the investment credit under section 38 (see § 1.1502–3), and the foreign tax credit under section 33 (see § 1.1502.4). * * *

It was not until March 11, 1971, that by T.D. 7093 (1971–1 C.B. 267), the Treasury added the sentence:

For amount of tax surcharge, see section 51 and § 1.1502–7.

Plaintiff's argument with respect to this regulation is also defective for several reasons:

First, since Sec. 51(a)(1)(B) of the Code imposed the tax surcharge on *every* corporation, it was unnecessary to list such surcharge specifically in the consolidated return regulations in order for any corporation to be liable therefor.

Second, the regulations did include the tax surcharge by reference, insofar as § 1.1502–80 provided in part that "The Code, or other law, shall be applicable to the group to the extent the regulations do not exclude its application."

Third, and most important, nowhere does any statute delegate to the Secretary the power to decide whether any particular kind of tax should be imposed or waived with respect to affiliated corporations filing consolidated returns.

The applicable Code sections from which the Secretary derives his authority to prescribe regulations for affiliated corporations filing consolidated returns are:

§ 1502. Regulations

The Secretary shall prescribe such regulations as he may deem necessary in order that the tax liability of any affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be returned, determined, computed, assessed, collected, and adjusted, in such manner as clearly to reflect the income-tax liability and the various factors necessary for the determination of such liability, and in order to prevent avoidance of such tax liability.

and

§ 1503. Computation and payment of tax

(a) In any case in which a consolidated return is made or is required to be made, the tax shall be determined, computed, assessed, collected, and adjusted in accordance with the regulations under section 1502 prescribed before the last day

prescribed by law for the filing of such return.

However, it is apparent that sections 1502 and 1503 do not support plaintiff's argument that for 1968 and 1969 the Secretary exempted consolidated return filers from the tax surcharge. Section 1502 does not authorize the Secretary to prescribe by regulations which taxes are applicable to the affiliated group or its members, but only regulations to determine their liability under the applicable taxes. The fact that in Treas.Reg. § 1.1502–2 the Secretary enumerated the taxes applicable to corporations filing a consolidated return does not mean that that regulation was the source of authority for such taxes or that the Secretary's omission of any particular tax from the enumeration authorized its non-payment.

The cases plaintiff relies on are not to the contrary. *Beck Builders, Inc. v. Commissioner*, 41 T.C. 616 (1964), held that in the absence of a specific regulation supporting such action, the I.R.S. could not require a parent corporation to include in its 1957 return, the year when the parent sold all of the stock of a subsidiary, the profit the parent had received on dealings with the subsidiary 4 years earlier and which it had then eliminated from the consolidated return as intercompany profit. The issue was not whether the income tax applied to the taxpayer, but was one of tax accounting, whether the I.R.S. had any authority to attribute 1953 income to 1957, particularly when, as required by the regulations, the subsidiary had reduced the basis of its assets purchased from the parent by the amount of the eliminated profit. In contrast, here Sec. 51 clearly requires every corporation to pay the tax surcharge.

In *Gottesman & Co. v. Commissioner*, 77 T.C. 1149 (1981), the issue was whether the accumulated taxable income of a group of affiliated corporations was to be computed on a consolidated basis or by reference to the taxable income of the separate corporations, for purposes of the accumulated earnings tax. In view of the failure of the consolidated return regulations to make it

clear, the court held in favor of the latter alternative. The court did not question the applicability of the accumulated earnings tax. *Corn Belt Hatcheries v. Commissioner*, 52 T.C. 636 (1969), *acq.*, 1970–1 C.B. xv, held that the petitioner was entitled to a new election to file a separate income tax return rather than a consolidated return after the enactment of a new revenue act with significant changes in the revenue laws, when there was no regulation to the contrary. Again there was no question as to applicability of the tax.

As a consequence of the foregoing, defendant's motion for partial summary judgment is allowed and plaintiff's cross-motion is denied.