Joseph J. TALLAL, Jr.,
Plaintiff-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.

No. 85–4085.

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1985.

---

Peter S. Buchanan, Wade H. Hufford, San Francisco, Cal., for plaintiff-appellant.

Fred T. Goldberg, Jr., Chief Counsel, I.R.S., Henry G. Salamy, Chief, Branch # 4, Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Sec., David English Carmack, Francis M. Allegra, Attys., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before GEE, ALVIN B. RUBIN and W. EUGENE DAVIS, Circuit Judges.

GEE, Circuit Judge.

This is a tax deficiency case. Appellant Tallal argues that the tax court erred in finding that Cumberland, the partnership in which Tallal was a limited partner, was not engaged in coal mining with the primary objective and intent of making a profit and therefore erred in upholding the Commissioner's assessment of a deficiency in Tallal's 1976 tax return. We affirm.

All expenses of every business transaction are not necessarily deductible under 26 U.S.C. § 162(a). Before any such deduction is allowed, it must be shown that the activity or enterprise was undertaken with the dominant hope and intent of realizing a profit. *Louisiana Credit Union League v. United States*, 693 F.2d 525, 532 (5th Cir.1982); *Hirsch v. Commissioner*, 315 F.2d 731, 736 (9th Cir.1963). When the taxpayer is a member of a partnership, we have interpreted 26 U.S.C. § 702(b) to require that business purpose must be assessed at the partnership level. *Barham v. United States*, 301 F.Supp. 43, 44–47 (M.D.Ga.1969), *aff'd per curiam*, 429 F.2d 40, 41 (5th Cir.1970). Accordingly, for the purpose of determining whether an expense is deductible under 26 U.S.C. § 162(a), the partnership's motive controls, not an individual partner's motive for joining the partnership. *Brannen v. Commissioner*, 722 F.2d 695, 703–704 (11th Cir. 1984); *Goodwin v. Commissioner*, 75 T.C. 424, 437 (1980), *aff'd*, 691 F.2d 490 (3d Cir.1982) (without published opinion); *Madison Gas & Electric Co. v. Commissioner*, 633 F.2d 512, 517 (7th Cir.1980).

Using the criteria identified in Treasury Regulation § 1.183–2 for guidance, the tax court in today's case found that Cumberland lacked a bona fide profit objective. Based on this, the tax court concluded that Tallal's deduction under § 162(a) was not justified. The tax court's finding of a lack of a bona fide profit objective is not clearly erroneous. *Pullman-Standard v. Swint*, 456 U.S. 273, 285–87, 102 S.Ct. 1781, 1788–89, 72 L.Ed.2d 66 (1982); *Byram v. United States*, 705 F.2d 1418, 1422–23 (5th Cir.1983).

We AFFIRM.