Kenneth H. LINN, et al.,
Plaintiffs-Appellants,

v.

Jack CHIVATERO, etc., et al.,
Defendants-Appellees.

No. 85–3563.

United States Court of Appeals,
Fifth Circuit.

June 6, 1986.

Robert I. White, Houston, Tex., for plaintiffs-appellants.

Gayle P. Miller, Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C., Robert E. Lindsay, Roger M. Olsen, Acting Asst. Atty. Gen., Washington, D.C., for defendants-appellees.

Before CLARK, Chief Judge, JOLLY and HILL, Circuit Judges.

PER CURIAM:

John Stassi appeals the district court's denial of his request for attorney's fees and costs. We reverse.

I.

In January, 1982, Internal Revenue Service Agent Wigginton issued an IRS summons to taxpayer Linn requiring production of certain corporate records. Linn's counsel, John Stassi, sent a messenger to deliver the documents. By mistake, both corporate and personal records were delivered. Stassi immediately informed Wigginton that only the corporate documents were responsive to the summons, that Linn's Fifth Amendment privilege was asserted with regard to the personal records and that he was on his way to pick up the records. When Stassi arrived, he and Agent Wigginton agreed to inventory the personal records and separate the corporate from the personal records on the following day. Instead, Wigginton worked until after midnight copying as many of the documents as she could. The next day Stassi and Wigginton segregated the documents into groups that were "responsive," "non-responsive" and "disputed."

When the IRS refused to return the disputed documents or any of the copies made, Linn and Stassi filed an action alleging violation of Linn's Fourth and Fifth Amendment rights and seeking a return of all of the originals and all disputed documents and copies along with an injunction against use of the information gathered from them. Stassi agreed to bear the costs of such suit since he was responsible for the oversight. The district court determined that the Anti-Injunction Act, 26 U.S.C. § 7421(a), deprived it of jurisdiction to hear the complaint because the constitutional violations occurred incident to an IRS investigation.

On appeal, this Court held that the district court did have jurisdiction but declined to decide the constitutional issues. *Linn v. Chivatero*, 714 F.2d 1278 (5th Cir.1983). Two members of the panel based their holding on the inapplicability of the Anti-Injunction Act to Fourth Amendment claims. The other panel member found the Act applicable but determined that the case fell within the judicially-created exception to the Act set out in *Enochs v. Williams*

*Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

Upon remand, the government declined to litigate further and judgment was entered pursuant to the government's motion to dismiss. Stassi then requested attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(a) and (d). The district judge denied this request because he found that there was substantial justification for the government's position. Costs were also denied on the basis that Stassi and Linn were not "prevailing" parties since the court had not reached a decision on the merits. Stassi appeals the denial of attorney's fees and costs.

## II.

Before it was amended in 1985, the Equal Access to Justice Act provided for an award of attorney's fees to the prevailing party "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The phrase "position of the United States" was then subject to at least two interpretations: the first considered the position the agency took in the underlying action (agency position) and the second looked solely to the position the government took in the litigation (litigation position). In *Russell v. National Mediation Board,* 764 F.2d 341 (5th Cir.1985) (*Russell I* ), the Fifth Circuit adopted the litigation position theory.

The 1985 amendments to the Act define "position of the United States" as "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). [Pub.L. 99–80 Aug. 5, 1985]. This amendment applies to "cases pending on or commenced on or after the date of the enactment of this Act," (August 5, 1985). This Court has held that the statute applies to fee applications pending on the date of enactment. *Russell v. National Mediation Board,* 775 F.2d 1284 (5th Cir.1985) (*Russell II* ) (withdrawing the opinion in *Russell I* ). Because the case before us today was still pending on re-

mand to the district court on August 5, 1985 both parties concede that the amended Equal Access to Justice Act is applicable and thus that the definition of the "position of the United States" contained in the amended Act applies here.

Under the state of the law at the time of the district court's decision now on appeal, it is possible that the United States could have avoided the imposition of fees by asserting that its litigation position—a contest of jurisdiction—was justified. The district court, relying on the then-current authority of *Russell I,* did, indeed, find the government's litigation position to be substantially justified and accordingly denied Stassi's request for attorney's fees. We need not decide whether that ruling was correct when made because when Congress eliminated the conflict between the circuits on the meaning of "position of the United States," by requiring there be substantial justification for both the litigation position and the underlying action taken, it legislatively overruled *Russell I*—the predicate for the district court's holding. The government then could no longer justify its position. This change in the law requires this court to examine the agency's action and to consider whether the underlying actions of the IRS amounted to wrongful resistance of the request of Linn's attorney to retrieve Linn's personal documents and copies.

The government, by its actions, has implicitly conceded that this action was wrongful. Not only did the IRS agent, after reaching an oral agreement with Stassi, remain long after working hours to copy the documents before Stassi arrived the next day, but also after the Court found the government's litigation position lacked merit, the government chose to capitulate rather than litigate the validity of their actions. These factors indicate an acceptance of the complaint's characterization of the agency's actions which was that they were not justified at all. Certainly they were not substantially justified.

## III.

The government contends on the present appeal that Stassi is not the real party in interest in this action since it was Linn's constitutional rights that were asserted. At oral argument, counsel for the government informed the panel that Linn was a fugitive from justice and should not be allowed to continue his appeal in federal court. The government subsequently filed a motion to dismiss the appeal as to Linn. Stassi counters this argument by insisting that he is the real party in interest because he agreed to bear the entire cost of litigation and will be the party aggrieved in fact by the denial of attorney's fees.

 We will not decide this issue because the government raises it for the first time on appeal. The government indicated in its most recent pleadings that Linn had been a fugitive since he was indicted on July 12, 1984, yet it did not choose to raise this substantive argument until Stassi appealed the denial of attorney's fees. We will not entertain an argument raised for the first time on appeal. Claims so raised are generally not reviewable by this Court unless they involve purely legal issues and refusal to consider them would result in grave injustice. *Self v. Blackburn*, 751 F.2d 789 (5th Cir.1985).[1]

## IV.

 Under the Equal Access to Justice Act Stassi is entitled to an award of attorney's fees. He was a prevailing party because the judgment entered in the litigation he brought granted him the relief he sought. The agency position of the United States was not justified. No special circumstances rendering an award of attorney's fees unjust are apparent. In addition, as the prevailing party in a civil action brought against the United States, Stassi is entitled to the costs incurred in the litigation. 28 U.S.C. § 2412(a); 28 U.S.C. § 1920; F.R.A.P. 39(a). The judgment ap-

pealed from is reversed and the action is remanded to the district court with directions to conduct such further proceedings as may be necessary to determine a reasonable fee for the service of Stassi's attorney in the instant proceeding if the parties are unable to agree on a proper fee amount, and to award those fees together with costs against the United States.

REVERSED AND REMANDED.

---

**1.** We note that the Fifth Circuit authority cited by the government in support of its contention is limited to the criminal context. *See Broadway v. City of Montgomery*, 530 F.2d 657 (5th Cir.1976). Furthermore, Stassi is present in the jurisdiction and actively pursuing this appeal on his own behalf.