RUSSELL R. MEARKLE AND VIRGINIA R. MEARKLE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 28428-84.          Filed August 25, 1986.

*Robert A. Clemente,*[1] for the petitioners.
*Robert Fernandez,* for the respondent.

OPINION

PARR, *Judge*: Respondent determined a deficiency in petitioners' 1981 Federal income tax in the amount of $149. The issue for decision is whether an award of litigation costs under section 7430[2] is appropriate here.

Respondent determined the deficiency herein based on section 1.280A-2(i)(2)(ii), Proposed Income Tax Regs.,[3] which we held was inconsistent with the statute in *Scott v.*

---

[1] After the motion decided herein was filed, Mr. Clemente replaced as counsel for petitioners J. William Dantzler. Although it is Mr. Dantzler's fee that is at issue, and his motion which requests those fees, we refer above to petitioners' present counsel of record.

[2] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

[3] In 1983, the Commissioner revised the proposed regulations under sec. 280A. 48 Fed. Reg. 33325 (July 21, 1983). The revised proposed regulations rearrange the provisions here at issue but make no significant changes in them. The provision in question is now sec. 1.280A-2(i)(2)(iii) of the proposed regulations.

*Commissioner*, 84 T.C. 683 (1985). That regulation viewed the gross income from a business conducted out of a home office as net of certain deductions. This effectively lowered the ceiling on home office expense deductibility.

The 90-day appeal period in *Scott* expired on July 14, 1985. On October 16, 1985, respondent offered to concede this case by forwarding his standard proposed decision document to petitioners. Petitioners answered by letter dated February 4, 1986, proposing an alternative decision document which contained an acknowledgment by respondent that he was conceding the case because he did not want to relitigate the *Scott* issue on these facts. On February 5, 1986, respondent telephoned petitioners' counsel to say the counter-proposed decision document was unacceptable.

The petition in this case was filed August 9, 1984. The case was called at the commencement of this Court's February 10, 1986, calendar in New York City. At that time, respondent moved to dismiss the case and have the Court enter a decision that there is no deficiency in petitioners' 1981 income tax. Petitioners opposed, seeking a trial and thus a decision which could serve as precedent for future similar cases arising in this factual context. We granted respondent's motion to dismiss, and entered a decision in favor of petitioner.[4]

On February 19, 1986, the decision in this case was entered. On March 21, 1986, in compliance with Rule 231(a), petitioners moved for litigation costs. On April 4, 1986, we vacated our decision in this case to allow consideration of petitioners' motion[5] and ordered a response. On May 20, 1986, respondent filed a notice of objection.

Section 7430[6] provides, in pertinent part, that if a taxpayer who has substantially prevailed with respect to

---

[4] See *LTV Corp. v. Commissioner*, 64 T.C. 589 (1975); compare *McGowan v. Commissioner*, 67 T.C. 599 (1976).

[5] Sec. 7430(e) provides that an order granting or denying an award for reasonable litigation costs shall be incorporated as part of the decision and shall be subject to appeal in the same manner as the decision. We therefore vacated our decision of Feb. 26, 1986, so that we could incorporate such order.

[6] SEC. 7430. AWARDING OF COURT COSTS AND CERTAIN FEES.

(a) IN GENERAL.—In the case of any civil proceeding which is—

(1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and

(2) brought in a court of the United States (including the Tax Court and the United States Claims Court),

either the amount in controversy or the most significant issue or set of issues presented establishes that the position of the United States in the civil proceeding was unreasonable, the taxpayer may be awarded a judgment for reasonable litigation costs incurred in the proceeding. Petitioners have the burden of establishing unreasonableness. See *DeVenney v. Commissioner*, 85 T.C. 927, 928-930 (1985).

Although respondent prevailed in his motion to dismiss this case, we entered a decision that there was no deficiency. Petitioners therefore prevailed with respect to the only substantive issue in the case.[7] Moreover, respondent concedes that petitioners have exhausted their administrative remedies, as required by section 7430(b)(2). We find that they have. At issue is whether respondent's position in this proceeding was unreasonable.

In this case, petitioners do not urge us to judge respondent's pre-petition conduct for reasonableness. We therefore do not revisit here the propriety of examining pre-petition

---

the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding.

      *      *      *      *      *      *      *

(c) DEFINITIONS.—For purposes of this section—

  (1) REASONABLE LITIGATION COSTS.—

    (A) IN GENERAL.—The term "reasonable litigation costs" includes—

      (i) reasonable court costs,

      (ii) the reasonable expenses of expert witnesses in connection with the civil proceeding,

      (iii) the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and

      (iv) reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding.

    (B) ATTORNEY'S FEES.—In the case of any proceeding in the Tax Court, fees for the services of an individual (whether or not an attorney) who is authorized to practice before the Tax Court shall be treated as fees for the services of an attorney.

  (2) PREVAILING PARTY.—

    (A) IN GENERAL.—The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—

      (i) establishes that the position of the United States in the civil proceeding was unreasonable, and

      (ii)(I) has substantially prevailed with respect to the amount in controversy, or

      (II) has substantially prevailed with respect to the most significant issue or set of issues presented.

    (B) DETERMINATION AS TO PREVAILING PARTY.—Any determination under subparagraph (A) as to whether a party is a prevailing party shall be made—

      (i) by the court, or

      (ii) by agreement of the parties.

[7] That respondent moved to dismiss did not prevent a fee award in *Linn v. Chivatero*, 790 F.2d 1270 (5th Cir. 1986). Likewise, we will not allow it to suffice here to prevent an award.

conduct. But cf. *Powell v. Commissioner*, 791 F.2d 385 (5th Cir. 1986), revg. and remanding T.C. Memo. 1985-27. The parties have filed no affidavits or agreed statement of facts pursuant to Rule 232(b) on the issue of reasonableness. We therefore must decide the motion on the basis of the pleadings. The gravamen of petitioners' allegation of respondent's unreasonableness is as follows: Petitioners claimed a deduction for use of an office in the home, which deduction did not exceed petitioners' "gross income derived from such use," a limitation imposed by section 280A. For this purpose, petitioners defined gross income as "gross receipts less cost of goods sold, plus bonuses." Petitioners contend that respondent unreasonably disallowed the deduction, construing the phrase "gross income derived from such use" to be net of expenditures required for the activity but not allocable to the use of the unit itself (such as expenditures for supplies and compensation paid to other persons). Petitioners state that such a definition is at odds with the plain words of the statute, finds no support in its legislative history, and is unreasonable, and that this Court has so held in *Scott v. Commissioner, supra.*

Respondent counters that he relied on section 1.280A-2(i)(2)(ii), Proposed Income Tax Regs., that reliance on the proposed regulation was reasonable, and that conceding the case 3 months after we declared the relevant portion of the proposed regulation to be inconsistent with the statute was also reasonable. We agree with respondent.

Respondent frames his case in terms of reliance on a proposed regulation. Our task, therefore, is to determine whether such reliance was reasonable. Because we think reliance on a final regulation would be reasonable and because we think proposed and final regulations should be treated alike for purposes of section 7430, we deny petitioners' motion.

Were a final regulation at issue here, the Commissioner would, except in the most unusual of circumstances, be insulated from a section 7430 award for at least three reasons. First, although a final regulation we strike down is, by definition, unreasonable (see *Commissioner v. Portland Cement Co. of Utah*, 450 U.S. 156, 169 (1981)), it also has the status of law at least until invalidated by a court. See

*Boske v. Comingore,* 177 U.S. 459 (1900). A taxpayer may rely on a regulation until altered by the Commissioner. See *Commercial Shearing & Stamping Co. v. Commissioner,* 36 T.C. 433 (1961). We think the Commissioner should be able to rely on it as well.

Second, the Commissioner is legally required to enforce the revenue laws. See sec. 7801; Statement of Procedural Rules, sec. 601.101. The regulations contain the details of those laws which Congress has asked the Treasury to enforce and are therefore part of those laws. See *Boske v. Comingore, supra.* To make an award under section 7430 for what the Commissioner appears required to do under section 7801, i.e., enforce the revenue laws, would put those statutes at odds with each other. We will refrain from interpreting one statute in derogation of another. Cf. *United States v. United Continental Tuna Corp.,* 425 U.S. 164, 168-169 (1976).

Finally, administrative havoc would result if the Commissioner had to weigh the threat of a section 7430 award where the regulations clearly and unequivocally support his position. Congress intended that respondent would consider section 7430 as a litigating hazard where he contemplated taking a position arguably beyond the pale of reason. See H. Rept. 97-404, at 11 (1981). As discussed below, however, Congress could not have intended to grind to a halt the operations of the Internal Revenue Service by forcing respondent to second-guess the policy decisions embodied in the regulations.

Having stated all this with respect to final regulations, we now ask whether a different result should obtain because the regulation relied on here was only in the proposed stage. We begin the analysis by acknowledging that although final "regulations command our respect" (*Commissioner v. Portland Cement Co. of Utah,* 450 U.S. at 169), "proposed regulations carry no more weight than a position advanced on brief by the respondent." *Freesen v. Commissioner,* 84 T.C. 920, 939 (1985), revd. on other grounds 798 F.2d 195 (7th Cir. 1986), quoting *F.W. Woolworth Co. v. Commissioner,* 54 T.C. 1233, 1265-1266 (1970).

Significantly, we have adhered to the latter proposition only when discussing the degree of deference this Court

should accord the position embodied in a proposed regulation. See *Freesen v. Commissioner, supra; Tamarisk Country Club v. Commissioner*, 84 T.C. 756, 761 n. 8 (1985); *Scott v. Commissioner, supra; Miller v. Commissioner*, 70 T.C. 448, 460 (1978); *F.W. Woolworth Co. v. Commissioner, supra.*[8] Assessing the section 7430 reasonableness of respondent's reliance on a proposed regulation is a different inquiry. We think that for that latter purpose, proposed regulations should be treated like final regulations. Put another way, although *we* need not accord the same deference to proposed as to final regulations, we cannot hold *respondent* unreasonable for adhering to proposed regulations as he would adhere to final regulations, at least until they are judicially disapproved.[9]

Moreover, an analysis of the legislative history of section 7430 reveals that the purposes behind the statute would not be materially furthered by awards in situations such as the one before us. Section 7430 was enacted, in part, to "deter abusive actions or overreaching by the Internal Revenue Service." H. Rept. 97-404, at 11 (1981). We do not believe Congress sought to deter respondent from relying upon a regulation duly promulgated or proposed. Section 7430 aims instead at deterring specific abusive actions by respondent's employees, against specific taxpayers, in specific cases. The legislative history supports this conclusion:

The committee intends that the determination by the court on [reasonableness] is to be made *on the basis of the facts* and legal precedents *relating to the case as revealed in the record.* Other factors the committee believes might be taken into account in making this determination include, (1) whether the government used the costs and expenses of litigation against its position *to extract concessions from the taxpayer* that were not justified *under the circumstances of the case*, (2) whether the government pursued the litigation *against the taxpayer for purposes of harassment or embarrassment*, or out of political motivation, and (3)

---

[8] See also *Engle v. Commissioner*, 76 T.C. 915, 943 n. 8 (1981) (Fay, J., dissenting), revd. 677 F.2d 594 (7th Cir. 1982), affd. 464 U.S. 206 (1984); *Glass v. Commissioner*, 76 T.C. 949, 961 n. 3 (1981) (Fay, J., dissenting). But see *Commissioner v. Engle*, 464 U.S. 206, 228 (1984) (Blackmun, J., dissenting) (applying rule of deference to position embodied in proposed regulations).

[9] Although we need not decide the issue, it is possible that the Commissioner may reasonably rely on regulations until long after they are struck down, depending on which court has struck down the regulation, whether any others have upheld it, where the litigation is taking place, and the force behind the Commissioner's argument in favor of the regulation's continuing validity.

such other factors as the court finds relevant. * * * [H. Rept. 97-404 at 12 (1981); emphasis added.]

We do not think generalized interpretations by Treasury Department policy makers, affecting classes of anonymous taxpayers, are within the intended ambit of the statute.

For these reasons, if respondent relies on a proposed regulation, such reliance will bar the imposition of costs under section 7430.

We are thus brought to the issue of whether respondent's position was unreasonable after we declared the proposed regulation to be inconsistent with the statute.[10] Respondent conceded the case within 3 months after the appeal period ran on the case in which we held his position was in error. This is reasonable.[11]

We hold that advocacy of a position embodied in a proposed or final regulation is reasonable under section 7430 until the regulation is overturned by a court, and for a reasonable period of time thereafter. Falling within this rule, the Commissioner here has insulated himself from an award under section 7430.

*An appropriate order and decision will be entered.*

---

[10] In this regard, we note the congressional admonition that "the pursuit of litigation by the government to establish a conflict among the United States Circuit Courts of Appeals would not be unreasonable." H. Rept. 97-404, at 12 (1981). We are also mindful that under the predecessor to sec. 7430, the Equal Access to Justice Act, 28 U.S.C. sec. 2412 (1982), it is not required of "the government to establish that its decision to litigate was based on a substantial probability of prevailing." H. Rept. 96-1418, at 11 (1980). However, we leave for another day the decision whether costs and fees should be awarded in a case in which respondent continues to advocate a position contained in a regulation previously judicially invalidated or disapproved. See *supra* note 9.

[11] See *Spirtis v. Commissioner*, T.C. Memo. 1985-44 (4½ months between filing of petition and concession of issue not unreasonable).