## ANTHONY G. LAGLIA AND KATHLEEN M. LAGLIA, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 32884-85.　　　　Filed April 13, 1987.

*L. Randolph Harris*, for the petitioners.
*Rodney J. Bartlett*, for the respondent.

PARR, *Judge*: Respondent determined that petitioners are liable for deficiences in income tax for the years 1981 and 1982 in the respective amounts of $7,930 and $5,783, together with additions to tax under section 6653(a)[1] in the respective amounts of $396 and $289, an addition to tax under section 6661 for the year 1982 in the amount of $578, and additions to tax for 1981 and 1982 under section 6621(c), Tax Reform Act of 1986 (formerly section 6621(d)).[2] Respondent determined that petitioners must capitalize farming expenses claimed on Schedule F for 1981 and 1982 in the respective amounts of $14,424 and $13,651.

The question presented is whether the activity of planting, cultivating, developing, maintaining, or growing jojoba plants involves "a grove, orchard, or vineyard in which fruits or nuts are grown" within the purview of section 278(b).

### FINDINGS OF FACT

Petitioners, husband and wife, timely filed joint Federal income tax returns for the 1981 and 1982 tax years. Petitioners resided in Piedmont, California, when they filed their petition in this case.

---

[1] Unless otherwise indicated all section references are to the Internal Revenue Code as in effect during the years in issue.

[2] Respondent conceded in a stipulation filed at trial that there are no additions to tax due from petitioners for 1981 and 1982 under sec. 6621(c), 6653, or 6661.

On their 1981 and 1982 Federal income tax returns, petitioners deducted expenses incurred in the planting, cultivating, developing, maintaining, and growing of jojoba plants at their Imperial Jojoba Ranch, in the respective amounts of $14,424 and $13,651. The ranch, located in Niland, California, was planted from seed during 1981 and 1982.

Jojoba is a multibranched bush or shrub native to desert scrub vegetation of southern California and southwestern Arizona and the Baja California and Sonora regions of Mexico. The jojoba oilseed is the item of economic importance produced by the jojoba plant. The seed produces a high-grade liquid wax that is a good substitute for sperm whale oil. The liquid wax or oil is considered to have potential use as a high-temperature lubricant and has been used in pharmaceuticals, especially cosmetics. The scientific name of jojoba is Simmondsia chinensis.

Jojoba seeds were not harvested at petitioners' ranch in economically viable amounts until 1986. The jojoba plant bears fruit as early as 2 to 3 years after planting. However, the plant does not produce an economically significant crop until its fourth or fifth year and it may take even longer to achieve significant yields for agricultural purposes and up to 8 to 12 years for maximum yields. Thereafter, a cultivated jojoba plant should bear productively for decades and some plants grown in the wild have lived up to 150 to 200 years.

Although jojoba plants originally grew wild, in their domestic and cultivated state they are grown in what is commonly referred to as "plantations" of rows spaced from 10 to 12 feet apart with plants at evenly spaced intervals of 4 to 5 feet.

Jojoba is not considered a "field crop," a term applied to vegetables, grains, and plants such as cotton that are often grown on large acreages. Instead, jojoba is more properly classified as a perennial row crop.

The jojoba plant grows in a widely spreading state without regular pruning. It may grow to a height of 2 to 17 feet and a width of 2 to 30 feet depending upon cultivation practices.

A "fruit" in the botanical sense is a matured ovary of a flowering plant. All flowering plants, including the jojoba plant, produce botanical fruits. This includes plants commonly thought of as bearing vegetables, such as squash and cucumbers. All nuts are fruits, but not all fruits are nuts.

The jojoba plant produces a dry fruit in the form of a leathery, acorn-like, one-seeded capsule. The capsule dehisces (splits open) at maturity to release a relatively large seed averaging 0.7 inches and usually constituting more than 90 percent of the entire fruit by size. Although the fruit capsule is a necessary element in the production of the seed of the jojoba plant, it is the seed itself that is of economic importance.

## OPINION

Section 278(b)[3] provides for the tax treatment of certain expenditures incurred by farming syndicates in planting and developing fruit or nut groves, orchards, or vineyards:

(b) FARMING SYNDICATES.—Except as provided in subsection (c), in the case of any farming syndicate (as defined in section 464(c)) engaged in planting, cultivating, maintaining, or developing a grove, orchard, or vineyard in which fruit or nuts are grown, any amount—

(1) which would be allowable as a deduction but for the provision of this subsection,

(2) which is attributable to the planting, cultivation, maintenance, or development of such grove, orchard, or vineyard, and

(3) which is incurred in a taxable year before the first taxable year in which such grove, orchard, or vineyard bears a crop or yield in commercial quantities, shall be charged to capital account.

By a stipulation of partial settlement, the parties make it unnecessary for the Court in this case to consider a number of elements which are prerequisites to the application of section 278(b).[4] Thus the sole remaining issue for our decision is whether the Imperial Jojoba Ranch involves a

---

[3]Sec. 278(b) was repealed by sec. 803(b)(6) of Pub. L. 99-514, Oct. 22, 1986, effective generally for costs incurred after Dec. 31, 1986, in taxable years ending after such date. See Pub. L. 99-514, sec. 803(d)(1), 100 Stat. 2356.

[4]The question of whether petitioners are members of a farming syndicate, and whether petitioners were engaged in the planting, cultivating, maintaining, or developing a jojoba plantation are resolved by compromise. Likewise the parties agreed that the deductions in question (1) are allowable as a deduction but for the provisions of this subsection; and (2) are incurred in a taxable year before the first taxable year (1986) in which the jojoba plantation bore a crop or yield in commercial quantities.

"grove, orchard, or vineyard in which fruit or nuts are grown." Petitioners must capitalize the expenditures if: (1) The jojoba plantation can be characterized as a "grove, orchard, or vineyard," and (2) "fruit or nuts" are grown there. Unless both prongs of the test are met, petitioners may deduct their expenses in the years incurred.

Respondent contends that the jojoba plant produces a fruit grown in a plantation, and that a jojoba plantation "is included within or substantially consistent with the concept of" an "orchard" for purposes of classification under section 278(b). Respondent relies on his Proposed Income Tax Regulation, section 1.278-2(a)(2), which reads as follows:

> For purposes of section 278(b) and this section a grove, orchard, or vineyard in which fruit or nuts are grown includes any group of trees, bushes, shrubs, or vines which produce a crop or yield of fruits or nuts. For purposes of this section, a "fruit" is defined as a fertilized and developed ovary of a plant, including the seeds, or, in the case of a plant that does not bear seeds, the fertile structure of the plant, and a "nut" is defined as a hardshelled fruit. *For example, fruits or nuts include* apples, avocados, coffee beans, grapes, *jojoba beans or seeds*, pecans, pistachios and walnuts. [48 Fed. Reg. 51937 (Nov. 15, 1983). Emphasis added.]

Petitioners agree that the jojoba plant produces a "fruit" in the sense that all flowering plants produce botanical fruits. They contend, however, that the economic crop produced is an oilseed, not a fruit or a nut. Petitioners further argue that jojoba seeds grow on bushes, not trees or vines. They therefore would conclude that a jojoba plantation is not a grove, orchard, or vineyard within the meaning of the statute and that the proposed regulation is invalid to the extent that it covers such a plantation.

First, we note that although final regulations command our respect (*Commissioner v. Portland Cement Co. of Utah*), 450 U.S. 156, 169 (1981), proposed regulations carry no more weight than a position advanced on brief by respondent. *Freesen v. Commissioner*, 84 T.C. 920, 939 (1985), revd. on other grounds 798 F.2d 195 (7th Cir. 1986), quoting *F.W. Woolworth Co. v. Commissioner*, 54 T.C. 1233, 1265-1266 (1970). Cf. *Mearkle v. Commissioner*, 87 T.C. 527, 531 (1986). See also *Tamarisk Country Club v. Commissioner*, 84 T.C. 756, 761 (1985); *Scott v. Commissioner*, 84 T.C. 683 (1985); and *Miller v. Commissioner*, 70 T.C. 448,

460 (1978).[5] We therefore decide this case by considering the evidence under the standards of the statute, not those of the proposed regulation.

At trial, petitioners presented three expert witnesses: Dr. Jules Janick, professor of horticulture at Purdue University, Dr. Robert Thorne, professor of botany at Rancho Santa Ana Botanical Gardens, Claremont College, California, and Dr. Vito Polito, professor of botany with the department of pomology, at the University of California at Davis. Respondent presented one expert, Dr. Rudolf Schmid, professor of botany at the University of California at Berkeley. *All* of the expert reports and testimony, including respondent's, are in substantial agreement. The expert witnesses agree that jojoba is a bush or a shrub, not a tree or a vine; that a plantation of jojoba does not constitute a grove, orchard, or vineyard; that jojoba plants do not produce nuts; that all flowering plants produce botanical fruits; and that the oilseed of the jojoba plant, not the fruit, is the item of economic significance to the jojoba farmer. These conclusions mandate a finding for petitioners.

Respondent's case rested on the testimony of his expert, Dr. Schmid. However, Dr. Schmid did not support respondent's position. For instance, his report states:

> Jojoba is a shrub or bush rather than a tree due to its relatively low stature and its lack of a distinctive main trunk. The literature invariably refers to jojoba as a "shrub" or a "bush", the latter being defined as a low, densely branched shrub. * * *
>
>    *     *     *     *     *     *     *
>
> The fruit of jojoba is *not* a nut, which botanically is an indehiscent [non-splitting] type of fruit. [Emphasis in original.] Because the seed of jojoba is rather large (up to an inch in length), it can be confused with a nut and occasionally in the agricultural and popular literature has been called such. Similarly in such literature, but never in the botanical literature, the seed of jojoba has rather commonly been called a "bean" * * * . However, * * * the "jojoba bean" is actually a seed, not a fruit.
>
> With these distinctions in mind, jojoba can be classified as a "fruit plant" or a "seed plant", the latter preferably because it is the seed rather than the fruit of jojoba that is of economic importance. By extension jojoba would be a "fruit crop" or a "seed crop", specifically an "oilseed crop" (term used in National Research Council, 1985:37) because

---

[5]But see *Commissioner v. Engle*, 464 U.S. 206, 228 (1984) (Blackmun, J., dissenting) (applying rule of deference to position embodied in proposed regulations).

jojoba is economically valued for the oil content of its seeds. Jojoba is not a "nut plant" and hence it is not an example of a "nut crop".

* * * * * * *

I see no relevance of the edibility of jojoba to its classification as a fruit or a nut.

* * * * * * *

The terms "orchard" and "grove" are commonly applied to nut and fruit crops (*Webster's ninth new collegiate dictionary*, 1984: "orchard" = "a planting of fruit trees or nut trees"; "the trees of such a planting"; "grove" = "a planting of fruit or nut trees"). However, "plantation" is the common term used for jojoba for its aggregate plantings * * * . Jojoba is not a "vine", * * * hence the term "vineyard" is totally inapplicable * * * . Also, jojoba is not a "field crop", a term applied to vegetables, grains, and plants such as cotton that are often grown in large acreages.

On cross-examination, Dr. Schmid reiterated that jojoba is most properly classified as a seed plant, specifically an oilseed plant. He then testified as follows:

Q. When you * * * viewed the petitioners' jojoba farm, were you in a jojoba orchard?
A. I was in a jojoba plantation.
Q. Were you in a jojoba grove?
A. No.
Q. Then by answering that you were in a jojoba plantation your answer would be that you were not in a jojoba orchard?
A. I was not in an orchard.

In short, respondent's expert's testimony did not differ in any material way from the testimony of petitioners' three experts.

Despite this unanimous expert testimony respondent urges, through a broad reading of the statute, that we adopt the position of the proposed regulation. He would have us hold that jojoba comes within section 278(b) because as a flowering plant it produces a botanical fruit. He further argues that a jojoba bush could theoretically be pruned to the shape of a tree, and that a plantation of pruned shrubs could therefore be considered an "orchard."

The latter contention is quickly disposed of. All experts, including respondent's own, testified that a plantation of jojobas is not a grove, vineyard, or orchard. Respondent argues that the word "orchard" is vague and nontechnical, that jojoba bushes can grow as high as 17 feet, and that a

jojoba plantation "should be considered within or consistent with the concept of a fruit orchard for purposes of section 278(b)."

A firmly established principle of statutory interpretation is that "the words of statutes—including revenue acts—should be interpreted where possible in their ordinary, everyday senses." *Crane v. Commissioner*, 331 U.S. 1, 6 (1947). See also *Hanover Bank v. Commissioner*, 369 U.S. 672, 687 (1962); *Grace v. Commissioner*, 51 T.C. 685, 688 (1969), 421 F.2d 165 (5th Cir. 1969).

The ordinary meaning of orchard is a planting of fruit or nut trees. This is also the definition accepted by all the expert witnesses. We think this is the plain meaning of the statute, and therefore hold that a jojoba plantation is not a grove, orchard, or vineyard within the purview of section 278(b). Thus, the section is inapplicable.[6]

We hold for petitioners.

*Decision will be entered for the petitioners.*

---

[6]In light of our holding, we need not consider whether a jojoba plantation is a place where "fruit" or "nuts" are grown within the meaning of sec. 278(b).