William E. **CAMPBELL** and **Gwendolyn J. Campbell, Plaintiffs-Appellants Cross-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellee Cross-Appellant.**

No. 86–1212.

United States Court of Appeals, Fifth Circuit.

April 1, 1987.
Rehearing Denied May 29, 1987.

---

William M. Methenitis, Strasburger & Price, P. Michael Jung, Thomas C. Unis, Dallas, Tex., for plaintiffs-appellants-cross-appellees.

Gary D. Gray, Jonathan S. Cohen, Attys., U.S. Dept. of Justice, Tax Div., Michael L. Paup, Chief, Appellate Section, Tax Div., Dept. of Justice, Roger M. Olsen, Washington, D.C., for defendant-appellee, cross-appellant.

Before VAN GRAAFEILAND [*], HIGGINBOTHAM, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Taxpayers William E. and Gwendolyn J. Campbell appeal the decision of the district court that losses from certain real estate

[*] Circuit Judge of the Second Circuit, sitting by designation.

limited partnerships were not includable in taxpayers' net operating losses because they were not incurred in taxpayers' "trade or business." The government cross-appeals the district court's contrary finding in regard to losses incurred by others of taxpayers' limited partnerships, 581 F.Supp. 1274 (D.C.Tex.1984). We affirm in part and reverse in part.

Mr. Campbell owns interests in a number of real estate partnerships, each of which, in turn, owns a parcel of real property. In 1976 and 1977, the partnerships generated losses, which were passed through to all the partners, including Mr. Campbell. The principal question in this case is whether the taxpayers may include these losses in calculating their net operating losses for 1976 and 1977, thus making them available for carryback to offset income in earlier years under 26 U.S.C. § 172(b). Section 172(d)(4) provides that only business deduction items may be used in calculating net operating loss. The district court included in taxpayers' net operating loss the business losses incurred by certain of taxpayers' investments in real estate partnerships, while excluding losses incurred from other such partnerships, and stated that "it makes no difference to the outcome of the controversy if the character of the losses is determined by attribution to Mr. Campbell or the various joint ventures."

The taxpayers contend initially that we should focus on Mr. Campbell's trade or business in real estate and permit the deduction of partnership losses because they derive from his trade or business. Contrary to this analysis, the attribution of a loss to a trade or business purpose must be made at the partnership level. The Internal Revenue Code provides that a partner's distributive share of partnership income, gain, loss, deduction, or credit shall be determined "as if such item were realized ... or incurred in the same manner as the partnership." 26 U.S.C. § 702(b). We have held that under § 702(b), partnership business deductions may be attributed to the individual partner-taxpayer only if such deductions were incurred in the partner-

ship's trade or business pursuant to 26 U.S.C. § 162(a). *Tallal v. Commissioner*, 778 F.2d 275, 276 (5th Cir.1985). We perceive no justification for distinguishing between § 172(d)(4) and § 162(a) in this respect.

Campbell asserts, however, that § 172(d)(4), which provides that the "taxpayer's" business deductions shall be used in calculating net operating loss, requires a different result. He urges that the definition of "taxpayer" does not include a "partnership," therefore, any business deductions incurred in Campbell's real estate business are includable in calculating his net operating loss. A similar argument was advanced, and rejected, in *Barham v. United States*, 301 F.Supp. 43 (M.D.Ga. 1969) *aff'd per curiam*, 429 F.2d 40 (5th Cir.1970) (adopting district court's opinion). There, taxpayer contended that certain joint venture real estate was a capital asset because it was not held "for sale to customers in the ordinary course of *his* trade or business" within the meaning of 26 U.S.C. § 1221(1). Despite this language, the court concluded that the Code ties the taxable status of gain or loss to whether the partnership held the land in the course of *its* trade or business. This holding is consistent with the Supreme Court's statement in *United States v. Basye*, 410 U.S. 441, 448, 93 S.Ct. 1080, 1085, 35 L.Ed.2d 412 (1973):

> while the partnership itself pays no taxes, 26 U.S.C. § 701, it must report the income it generates and such income must be calculated in largely the same manner as an individual computes his personal income. For this purpose, then, the partnership is regarded as an independently recognizable entity apart from the aggregate of its partners. *Once its income is ascertained and reported, its existence may be disregarded since each partner must pay a tax on a portion of the total income as if the partnership were merely an agent or conduit through which the income passed.* (emphasis added).

■ Thus, under § 172(d)(4), it is first necessary to determine the nature of gain or loss generated by the partnership's ac-tivities. If a partnership incurs trade or business losses, the partner accounts for a distributive share of the trade or business loss. Conversely, the partnerships' investment loss should be reflected in the partner's distributive share as an investment loss.

■ The taxpayers argue alternatively that each of the partnerships for which loss deductions were claimed was involved in the trade or business of farming rental and with the motive of ultimately making a profit. We cannot agree. The taxpayers bore the burden of proof on this issue as to each partnership. See *Zell v. Commissioner*, 763 F.2d 1139, 1142 (10th Cir.1985). Each limited partnership in which Mr. Campbell was a part owner and general manager was formed "for investment purposes only" according to its governing articles and owned one parcel of real estate. The properties generally consisted of farm land located in areas of potential urban development whose only source of income pending resale by the partnership was farm rentals. Annual expenses on the properties in 1976 and 1977, on average, exceeded their rental income by factors of 20:1. Even though the rent received on some properties was not nominal, it was much less than the associated expenses. The record does not establish that the partnerships made any investments to develop the properties for non-farm use, aside from paying Campbell's expenses as a manager to encourage governmental authorities to pursue favorable policies in the vicinity of the partnership tracts. It is true that a single rental property may constitute a trade or business within 26 U.S.C. § 162, *see, e.g., Hazard v. Commissioner*, 7 T.C. 372 (1946), if it is operated with the motive of making a profit. See *Tallal v. Commissioner*, 778 F.2d at 276. Viewed from the standpoint of their self-described objective and methods of operation, however, Campbell's limited partnerships were only investment vehicles. Therefore, these partnerships cannot be said to be in the rental business for the purposes of § 172(d)(4).

We need not reach the other issues raised by the taxpayers, which are prem-

ised on their success in the foregoing matter.

For the reasons here discussed, the judgment of the district court is AFFIRMED in Part, REVERSED in Part, and herewith RENDERED in favor of the United States.