THEODORE G. ARENS and PAMELA J. ARENS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Arens v. Commissioner
Docket No. 20195-88
United States Tax Court
T.C. Memo 1990-241; 1990 Tax Ct. Memo LEXIS 249; 59 T.C.M. (CCH) 589; T.C.M. (RIA) 90241; May 17, 1990, Filed *249 Decision will be entered for the petitioners. Nestor M. Nicholas and David Kavanaugh, for the petitioners. Ronald F. Hood, for the respondent.
TANNENWALD, Judge. TANNENWALD
*829 MEMORANDUM OPINION Respondent determined a deficiency of $ 46,726 in petitioners' Federal income tax for the taxable year 1985. The issue for decision is whether petitioner-husband, Theodore G. Arens, is entitled to avoid the short taxable year limitation of section 168(f)(5)[1] and the proposed regulations thereunder with respect to a claimed accelerated cost recovery (ACRS) deduction on equipment because (1) the holding of property for the production of income by a partnership of which he was a general partner is attributable to him, and (2) the claimed deduction does not run afoul of the limitations in respect of a disproportionate allowance and the substantial increase in the level of activity. This case was submitted to the Court fully stipulated under Rule 122. The stipulation of fact and attached exhibits are incorporated *250 by this reference. Petitioners are husband and wife and maintained their legal residence in Milford, Michigan, at the time of filing the petition. They filed a joint Federal income tax return for the taxable year 1985 with the Internal Revenue Service Center in Cincinnati, Ohio. On August 17, 1983, petitioner-husband became a 60-percent general partner of Fabri-Matic Investments, a general partnership (the partnership), composed of petitioner-husband and Louis J. Crowley. In 1984, he contributed approximately $ 40,000 to the capital of the partnership. The partnership acquired a parcel of property and completed construction of an industrial and office building on the property which it leased to Fabri-Matic, Inc., a corporation of which Mr. Crowley was a major stockholder and president. The lease was for an initial period of 5 years commencing March 1, 1984, *830 with an option to renew for two additional 5-year periods. Petitioners were not shareholders of, and had no other business relationship with, Fabri-Matic, Inc. The partnership reported the following on its 1984 and 1985 returns in respect of the building: Expenses Other
Gross Rental Income
Than Depreciation
Depreciation
1984
$ 47,344.00
$ 43,438.48
$ 34,106.16
1985
54,924.00
48,224.20
38,766.54
On *251 December 12, 1985, petitioner-husband invested $ 108,000 in AFG Leasing Program No. 993, a grantor trust formed as an investment vehicle for the purchase and lease of various research and experimentation equipment to various lessees. On their 1985 return, petitioners claimed an ACRS deduction for a full year in the amount of $ 101,948 with respect to petitioner-husband's interest in the equipment. In his notice of deficiency, respondent disallowed eleven-twelfths of the claimed deduction pursuant to the short taxable year provisions of section 168(f)(5) and the proposed regulations promulgated thereunder. [2]
Section 168(a) allows an ACRS deduction for any taxable year with respect to "recovery property." [3] *252 Section 168(c)(1) defines recovery property as tangible property of a character subject to the allowance for depreciation -- (A) used in a trade or business, or (B) held for the production of income. Section 168(f)(5) limits the amount of an ACRS deduction that may be taken in a "short taxable year" as follows: In the case of a taxable year that is less than 12 months, the amount of the deduction * * * shall be an amount which bears the same relationship to the amount of the deduction, determined without regard to this paragraph, as the number of months in the short taxable year bears to 12. In such case, the amount of the deduction for subsequent taxable years shall be appropriately adjusted in accordance with regulations prescribed by the Secretary. The determination of when a taxable year begins shall be in accordance with regulations prescribed by the Secretary. * * * Neither the Code nor the legislative history define "short taxable year" for purposes of section 168(f)(5). The proposed regulations contain the following provisions for determining a "short taxable year" and the amount of the ACRS deduction allowable for that year under section 168: (f) Short taxable years -- (1) General rule. For any recovery year in which there are less than 12 months (hereinafter in this section referred *253 to as a "short taxable year"), the recovery allowance shall be determined by multiplying the deduction which would have been allowable if the recovery year were not a short taxable year by a fraction the numerator of which equals the number of months and part-months in the short taxable year and the denominator of which is 12. * * * * * * (4) When a taxable year begins. For purposes of this section, a taxable year of a person placing property in service does not include any month prior to the month in which the person begins engaging in a trade or business or holding recovery or depreciable property for the production of income. * * * In addition, if a person engages in a small amount of trade or business activity for the purpose of obtaining a disproportionately large recovery allowance for assets for the taxable year in which they are placed in service, and if placing those assets in service represents a substantial increase in the person's level of business activity, then for purposes of the recovery allowance for such assets the person will not be treated as beginning a trade or business until the increased amount of business activity begins. For property held for the production *254 of income, the principle of the preceding sentence also applies. [Sec. 1.168-2(f)(1) and (4), Prop. Income Tax Regs., 49 Fed. Reg. 5940, 5948 (Feb. 16, 1984).] Initially we note that petitioners do not question the validity of the proposed regulations but assert that they did not have a "short taxable year" as defined therein. Thus, the usual rule that proposed regulations "carry no more weight than a position advanced on brief by respondent," Laglia v. Commissioner, 88 T.C. 894, 897 (1987), is not applicable and we are free to deal with the issues herein as if those regulations had been finalized. Respondent contends that, since petitioner-husband first invested in the equipment in December 1985, he had a "short taxable year" pursuant to section 168(f)(5) and the proposed regulations, and therefore petitioners' ACRS deduction should be limited to one month for the *831 taxable year 1985. Respondent concedes, however, that the partnership was holding depreciable property for the production of income (the building leased to Fabri-Matic, Inc.) throughout the taxable year 1985. Respondent further concedes that the short taxable year provisions will not limit petitioners' ACRS deduction *255 for the research and experimentation equipment if petitioners individually were engaged in any trade or business or held depreciable property for the production of income during the entire taxable year 1985 even if such trade or business or income-producing property was unrelated to the equipment. [4] Thus, respondent also concedes that the equipment qualified as "recovery property" under section 168(c)(1). See page 4, supra. What respondent disputes is petitioners' contention that the holding of depreciable property for the production of income by the partnership should be attributed to its individual partners under section 168(f)(5). We agree with petitioners. Cases too numerous to cite have held that the business of a partnership is the business of its partners. See, e.g., Drobny v. Commissioner, 86 T.C. 1326, 1342 (1986); Brannen v. Commissioner, 78 T.C. 471, 504 (1982), affd. *256 722 F.2d 695 (11th Cir. 1984). This principle is at the heart of the pass-through entity concept and is the touchstone of sections 702 through 704, dealing with the treatment of income, deductions, etc., of a partnership and its partners, particularly section 702 which provides: (b) Character of Items Constituting Distributive Share. -- The character of any item of income, gain, loss, deduction, or credit included in a partner's distributive share under paragraphs (1) through (7) of subsection (a) shall be determined as if such items were realized directly from the source from which realized by the partnership, or incurred in the same manner as incurred by the partnership. [Emphasis added.] There is nothing in the Code or legislative history of section 168 to suggest that a different standard should be applied where a partnership's activities consist of holding property for the production of income. Respondent attempts to bolster his argument by pointing to United States v. Basye, 410 U.S. 441, 448 (1973), in which the Supreme Court suggested that a partnership is treated as a separate entity from its partners for purposes of characterizing partnership income, losses, and deductions. *257 This suggestion was made in the context of applying assignment-of-income principles in the course of determining the entity to which income should first be attributed, which is not an issue herein. Indeed, in resolving the issue before us, it is significant that the Supreme Court went on to state: Once [the partnership's] income is ascertained and reported, its existence may be disregarded since each partner must pay tax on a portion of the total income as if the partnership were merely an agent or conduit through which the income passed. [Fn. ref. omitted; emphasis added; 410 U.S. at 448.] Nor does Campbell v. United States, 813 F.2d 694 (5th Cir. 1987), cited by respondent, support his position. That case merely stands for the proposition that mere investment activities are not sufficient to satisfy the requirement of holding property for the production of income without proof of a profit objective. Respondent's concession that the partnership was "holding depreciable property for the production of income," see page 6, supra, provides the link that was missing in Campbell. We conclude that petitioners through the partnership were holding depreciable property for the production *258 of income during the entire taxable year 1985 and thus that this requirement of the proposed regulations is satisfied. Alternatively, respondent argues that petitioners had a short taxable year in 1985 because the investment in the equipment for one month was for the purpose of obtaining a disproportionately large recovery allowance and represented a substantial increase in the level of petitioner-husband's business activity under proposed regulation section 1.168-2(f)(4), page 5, supra. Respondent calculates the amount of activity in which petitioners engaged in order to take a disproportionately large ACRS deduction by comparing the ACRS deductions taken for the real property owned by the partnership to those associated with the equipment. Petitioners counter that the proposed regulations only apply if a taxpayer substantially increases the amount of deductions for property held for use in the same business. Petitioners also contend that they do not run afoul of the proposed regulations if the comparison is made between the bases in the real estate and the equipment. In addition, petitioners argue that the proposed regulations contain a test of intention, and that petitioner-husband *259 was not engaged in the partnership for the purpose of securing a disproportionately large recovery allowance . *832 We note first that neither the Code nor the proposed regulations contain a standard for measuring the amount of depreciable property that will be considered held for purposes of obtaining a disproportionately large ACRS deduction or substantially increasing the level of activity. The proposed regulations, however, speak in terms of "purpose," an element which obviously has a subjective element of intention. The determination of "purpose" under the proposed regulations is analogous to the question of profit objective which has repeatedly been held to be a question of fact under all the circumstances, with objective facts concededly given more weight than subjective facts as to a taxpayer's intention. E.g., Drobny v. Commissioner, 86 T.C. at 1340-1341 and cases cited thereat. Aside from the amounts of petitioner-husband's investment in the equipment and the partnership and the amounts of the ACRS deductions, we have no evidence as to petitioner-husband's intention. In our opinion, the evidence as to amounts is not sufficient to enable us to reach a decision on the issue. *260 The deficiency notice based the disallowance of the ACRS deduction solely on the ground that "it has not been established that either you or the partnership or trust, were in a trade or business for any more than one month during 1985 * * *." Neither respondent's answer nor the stipulation of the parties referred to the alternative ground now being advanced to sustain the disallowance. Such being the case, this ground constitutes a new matter as to which respondent has the burden of proof. Rule 142(a). The fact that petitioners, as well as respondent, first addressed the matter in their original briefs does no more than permit respondent belatedly to make the argument on the new ground; it does not effect the location of the burden of proof. Schuster's Express, Inc. v. Commissioner, 66 T.C. 588, 593-594 (1976), affd. without opinion 562 F.2d 39 (2d Cir. 1977). Nor does the fact that this case is fully stipulated affect the location of the burden of proof. Rule 122(a); Service Bolt & Nut Co. Trust v. Commissioner, 78 T.C. 812, 821-822 (1982), affd. without opinion 724 F.2d 519 (6th Cir. 1984). Cf. Russell Box Co. v. Commissioner, 208 F.2d 452, 455-456 (1st Cir. 1953), affg. a Memorandum *261 Opinion of this Court. In view of the foregoing, we find it unnecessary to evaluate the comparisons between investment amounts and the ACRS deductions made by the parties in order to determine what standard of measurement and what amounts would seem afoul of provisions of the proposed regulations dealing with disproportionality and substantial increase in the level of business activity. In sum, we hold that petitioners herein are not subject to the short taxable year limitation of section 168(f)(5). Decision will be entered for the petitioners. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The total deduction claimed on the return is $ 102,898 and this is the figure attributed by respondent on brief to the ACRS deduction. However, the notice of deficiency only disallowed $ 93,452 of the ACRS deduction which is 11/12ths of $ 101,948.↩
3. The ACRS rules have been changed by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 201(a), 100 Stat. 2085, 2121.
4. In light of these concessions, we fail to understand why respondent devoted so much time on brief to the question whether petitioners had carried their burden of proof as to the existence of a profit objective sufficient to support the conclusion that the partnership was engaged in a trade or business.↩